Officer & Pusey v. Evans.

## OFFICER & PUSEY v. EVANS ET AL.

1. **Evidence:** BURDEN OF PROOF: CONTRACT. The burden of proof is upon the plaintiff to establish a parol contract under which he seeks to recover.

2. **Homestead:** EXISTING CREDITORS: HUSBAND AND WIFE A conveyance to the wife of real estate received in exchange for the homestead is not fraudulent as against existing creditors.

*Appeal from Pottawattamie District Court.*

SATURDAY, JUNE 8.

THE petition of plaintiffs alleges that they loaned to defendant S. S. Evans, in 1869, the sum of two thousand eight hundred and fifty-five dollars, for the purpose of enabling him to make alterations and improvements upon his house in Glendale, in Council Bluffs, for which amount he executed to them his note February 25, 1870; that at the time said loan

was made Evans told them that after said improvements were made he would thereby be able to effect an exchange of the said property with S. S. Bayliss for his homestead on the public square, and a livery barn in Council Bluffs, and that he would then give them security on the livery barn for their said loan to him, which loan was made by them on the faith of said promise, and to enable Evans to make the improvements and to effect the exchange. The petition further charges that said exchange of property was made about the 26th of October, 1869; that Evans, instead of taking the title in his own name and fulfilling his promise to them by giving them said security, caused the property to be conveyed by Bayliss to his wife, the defendant E. B. Evans; that said conveyance of the livery barn to E. B. Evans was made with the intent to defraud plaintiffs, and that she holds the title to said property in trust for the creditors of S. S. Evans. The petition further alleges that on the 21st of May, 1874, plaintiffs recovered a judgment against said S. S. Evans, on said note, for the sum of four thousand and sixty-nine dollars and forty cents. The plaintiffs pray that their judgment be declared a lien upon and enforced against said property, including the rents and profits thereof.

The defendant E. B. Evans denies that the contract alleged in plaintiffs' petition was made, and that she had any notice thereof, or that plaintiffs furnished S. S. Evans with money to make the alleged improvement. She admits the exchange of property with S. S. Bayliss. She alleges that prior to that time she had received by gift from her father, S. S. Bayliss, a tract of land in Nebraska of the value of two thousand dollars, and a half interest in the Parks mill property, valued at eight thousand dollars; that about 1868 she authorized her co-defendant, S. S. Evans, to sell said property and procure her other property in place thereof; that S. S. Evans sold the Nebraska property for two thousand dollars, and the Parks mill property for six thousand dollars, and under this arrangement kept the proceeds; that in

February, 1866, Evans and wife commenced housekeeping in their residence in Glendale, and continued to use it as a homestead until October, 1869; that the contract for the exchange was made and perfected in October, 1869, by S. S. Evans, E. B. Evans and S. S. Bayliss—S. S. Evans agreeing to convey the Glendale homestead to Bayliss, Bayliss agreeing to convey the residence on the public square, and the Pacific House livery stable, in consideration of their being conveyed to his daughter E. B. Evans, and the conveyance of the Glendale homestead to him—E. B. Evans agreeing to receive the residence on the public square and the livery stable, at a valuation of ten thousand dollars, in lieu of the property S. S. Evans sold, that she received of her father, and in consideration of her signing away her homestead and dower right in the Glendale homestead. The defendant E. B. Evans further alleges that plaintiffs' claimed contract is void, as being within the statute of frauds, and she pleads a former judgment as a bar to the action, and the plaintiffs' action is barred by the statute of limitations. The court decreed that the petition of plaintiffs be dismissed, and rendered judgment against them for costs. The plaintiffs appeal.

*N. M. Pusey* and *Rising, Wright & Mayne*, for appellants.

*James, Aylesworth & Mynster* and *Montgomery & Scott*, for appellees.

DAY, J.—I. The burden of proof is upon the plaintiffs to establish, by a preponderance of evidence, the contract set forth in the petition. From a careful examination of the entire evidence we cannot affirmatively find that the existence of the contract is so established. The most that can be said for the testimony upon that is, that it is *in equilibrio*.

1. EVIDENCE: burden of proof: contract.

II. The evidence shows very satisfactorily that the defendant E. B. Evans, prior to her marriage with her co-defendant,

2. HOMESTEAD: existing creditors: husband and wife. was the owner of three hundred and twenty acres of land in Nebraska, of the value of two thousand dollars. After her marriage, in the spring of 1867, she received by gift from her father half of the Parks mill property, valued at eight thousand dollars. Her husband sold the Nebraska land in 1867 for two thousand dollars, and the Parks mill property in 1868 for six thousand dollars, and received the proceeds in cash, with the understanding that he was to convey to E. B. Evans, in lieu thereof, property of the value of ten thousand dollars. The defendants commenced occupying the Glendale property, as their homestead, in February, 1866. In 1869 the Glendale property was conveyed to S. S. Bayliss for his homestead and the brick barn in question. Bayliss and his wife refused to make the deed for this property unless it was made in favor of E. B. Evans, in lieu of the property they had given her, and which was appropriated by her husband. The inducement which caused E. B. Evans to convey her homestead right in the Glendale property was the obtaining of a deed in her own name for the Bayliss homestead and barn.

Under the circumstances disclosed, we think the conveyance to E. B. Evans was not without consideration nor fraudulent. At the time that her husband appropriated the proceeds of her real estate under the circumstances disclosed, she became his creditor. As such she was entitled to repayment. A conveyance to her of real estate in satisfaction of this debt was not fraudulent as to other creditors. Besides, the Glendale homestead was not liable for plaintiffs' claim. The defendants might have made a voluntary conveyance of this homestead, and it would not have been fraudulent as to creditors. See *Delashmut v. Trau*, 44 Iowa, 613. No conveyance of the homestead would be of any validity without the concurrence of the defendant E. B. Evans. As she was under no obligation to convey, and could not be compelled to convey, she had a perfect right to fix the conditions upon which she

would consent to convey. The evidence shows that she consented to convey only upon condition that the property received for the homestead should be conveyed to her. She had a right to exact this condition, and, as the homestead was not liable for plaintiffs' debt, it seems to us the property which she received in lieu of the homstead, and which induced her to part with her homestead, should also be held exempt. The plaintiffs suffer no injury from such a construction of the law, for they are thereby placed in no worse condition than they occupied before. It is true if she had allowed the avails of the sale of this homestead to pass into the hands of and become the property of her husband, it would, if not reinvested in a new homestead, have become the property of her husband, and liable for his debts. But this she did not do.

It is claimed, however, that in the exchange with Bayliss S. S. Evans obtained the payment of a debt of three thousand dollars, which Bayliss owed him, and that to that extent, at least, the property in question should be regarded as the property of S. S. Evans, and liable for his debts. The only evidence of this act is proof of a declaration of S. S. Evans, which is not admissible as against the defendant E. B. Evans. Besides, the proof shows that the Glendale property was estimated at ten thousand dollars, and that the real estate conveyed in exchange for it was estimated at the same, so that it could not have, in fact, discharged a debt due S. S. Evans.

We are of opinion that the judgment should be

AFFIRMED.