GRIFFIN v. SHELEY ET AL.

1. **Practice**: PARTIES: WITHDRAWAL OF PLAINTIFF. Where an action was commenced by one not a party in interest, for himself and for the use of another, it was held that he might dismiss as to himself, and have such other substituted as plaintiff in his stead.

2. **Homestead**: ABSENCE OF HEAD OF FAMILY. The fact that the head of a family is absent from home the greater part of the time will not deprive the family of their homestead rights.

3 ———: CONVEYANCE: VALIDITY OF. The validity of a conveyance of a homestead cannot be questioned by judgment creditors of the grantor whose judgments are not liens on the property.

*Appeal from Poweshiek Circuit Court.*

THURSDAY, MARCH 24.

ACTION in chancery to restrain the sale upon execution of certain real estate, on the ground that it is exempt as a home-

stead. There was a decree granting the relief prayed for in the petition. Defendants appeal. The facts of the case are stated in the petition.

*Clark Varnum*, for appellants.

*Ballard & Robison*, for appellee.

BECK, J.—I. The action was originally brought by G. W. Griffin, "for himself and for the use of J. D. Bowersock," and the petition alleges that plaintiff became the owner of the property in controversy in 1867, which he occupied until April 12, 1878, as a homestead, when he sold and conveyed it to J. D. Bowersock. It is further alleged that one McFerren recovered a judgment against Griffin in 1875, whereon an execution was issued and levied upon the lots in controversy, which are about to be sold to satisfy the judgment. It is shown in the petition that as the lots were occupied by Griffin as his homestead at the time the judgment was rendered, and up to the day they were sold to Bowersock, the property is not subject to sale upon the execution. The sheriff, deputy sheriff, plaintiff in execution and his attorney are made defendants, and it is prayed in the petition that they may be enjoined from selling the property. The petition alleges that the judgment has been paid, and it shows that the lots in controversy were selected and designated as plaintiff's homestead by a plat duly filed in the office of the recorder of deeds. These allegations need not be further noticed.

The answer admits the occupancy of the lots by Griffin, and that they constituted his homestead, but avers that prior to the issuing of the execution he abandoned his homestead, which, therefore, became subject to the judgment in favor of McFerren. It alleges, also, that the sale of the property to Bowersock was without consideration, for the purpose of defeating the collection of McFerren's judgment. The answer is made a cross-petition, and Griffin and Bowersock are made

defendants thereto. The relief prayed for is that the deed of the property executed by Griffin to Bowersock may be set aside as fraudulent, and the judgment in favor of McFerren may be declared to be a lien upon the property in controversy.

Before the cause was tried the plaintiff filed a paper dismissing the case as to Griffin and making Bowersock plaintiff, and declaring that he is the owner of the lots and the only proper plaintiff in the action. This paper asked that the petition be amended to correspond with these statements.

II. The defendant insists that, as Griffin was not the real party in interest, he had no right to institute the suit. These facts cannot be denied, but the error or irregularity was cured by dismissing Griffin from the suit.

1. PRACTICE: parties: withdrawal of plaintiff.

III. It is next objected that Griffin dismissed the action. This he did so far as to withdraw from the suit; he did not dismiss it wholly. There was no error in this party withdrawing from the action, for, as defendant claims, and he admits, he had no interest in it.

IV. It is next urged that Bowersock was not made a plaintiff, and he asked no relief in the case. The paper filed by plaintiff withdrawing Griffin and substituting Bowersock as plaintiff may be regarded as an amendment of the petition, which seems to have been its purpose. It was so regarded by the court, for thereafter the name of Bowersock appeared as plaintiff in an answer to the cross-bill, and in the decree of the court. Regarding the petition as having been amended by the substitution of Bowersock as the plaintiff, there appears to be no foundation for the objection under consideration. The amendment was not objected to or assailed by motion or otherwise in the court below.

V. After the cause was submitted for decision to the court below, the plaintiff was permitted to file an answer to defendant's cross-bill; this is made the ground of an objection. No default had been claimed before the answer was

filed, and it is not shown that any rule had been before taken upon plaintiff to answer the cross-bill. The court was authorized in its discretion to permit the answer to be filed. It does not appear that the exercise of this discretion was abused.

VI. Defendants insist that the action was commenced by plaintiffs' attorney without authority from Griffin or Bowersock. The testimony clearly shows that Bowersock ratified and approved the prosecution of the action. Whether it was brought without authority of Griffin is a matter of no importance, as he was not a proper party to the action, and was dismissed therefrom.

VII. While defendants admit that Griffin occupied the lots as a homestead, they insist that he abandoned such occu-

2. HOMESTEAD: absence of head of family. pancy, and the property thereupon became subject to the judgment. The testimony fails to support this claim. It is clearly established that Griffin occupied the property as a homestead upon the very day he conveyed it to Bowersock. He himself was absent from his home for much of the time, but the property was occupied by his family, who had no other home or homestead. The law will not deprive a family of a homestead for the reason that the husband and head of the family is absent in the pursuit of business, or for other purposes. The evidence shows the absence of Griffin, but that his family remained in the homestead, which was all the time his home.

VIII. It is argued that the deed from Griffin to Bowersock was without consideration and fraudulent, having been

3. ——: conveyance: validity of. executed to prevent the collection of McFerren's judgment. The testimony does not support this position. The sale of the lots is shown to have been in good faith, and for honest purposes. The consideration paid was probably less than the value of the property; but as it was the homestead of the grantor, which was not subject to the judgment, the creditors could not have been defrauded by the sale, even had it been entirely voluntary and without consideration. For this reason the sale cannot be regarded as

fraudulent. *Delashmut v. Trau et al.*, 44 Iowa, 613; *Officer & Pusey v. Evans*, 48 Iowa, 557.

Defendants argue that the deed from Griffin to Bowersock was not delivered, was irregular, etc. We need not make inquiry concerning these matters. That there was a sale of the property the testimony clearly shows. In that case the deposit by Griffin of the deed for record will be regarded as a delivery. If there are any defects or irregularities about the sale or the deed, it cannot be claimed that they operate to defeat the title as between Griffin and Bowersock. Defendants, therefore, can have no claim upon the property based upon these defects and irregularities. The decree of the Circuit Court in our opinion is correct; it is, therefore,

AFFIRMED.