ADDICKEN ET AL. v. HUMPHAL ET AL.

1. **Conveyance:** FRAUD. Evidence considered and held insufficient to establish fraud in a conveyance of real estate by a husband to his wife.

*Appeal from Winneshiek Circuit Court.*

WEDNESDAY, JUNE 15.

ACTION in equity to subject certain real estate conveyed by the defendant Martin to his wife, who is made defendant, to the payment of a judgment against him, on the ground the conveyances were made with intent to hinder and delay the creditors of said Martin, in which fraud the defendant Anna participated, as was alleged in the petition.

Separate answers were filed by the defendants, admitting the conveyances as alleged in the petition but denying all fraud, and the said Anna further alleged in her answer she had paid a good and valuable consideration for the premises, and that a portion thereof " was the homestead of defendants prior to the time any of plaintiffs' said claims accrued."

The court decreed that all the real estate except the homestead should be sold and the proceeds applied in payment of the judgment, and the defendants appeal.

*Brown & Wellington,* for appellants.

No appearance for appellees.

SEEVERS, J. The conveyances are referred to in the abstract as exhibits " A " " B " " C " " D," and were all executed in 1872. The judgment was rendered in 1876, but conceding it was rendered on an indebtedness existing when the conveyances were executed, about which there are doubts, we have the question whether the conveyances were voluntary, without consideration, and made with intent to defraud creditors.

There is no evidence tending to show the defendant Anna had knowledge her husband was indebted to the plaintiffs when the conveyances were made, or that he was indebted to any one else except "for a horse" we infer he had purchased. The amount of this indebtedness, or whether it still subsists, does not appear.

There is no evidence tending to show the conveyances were made with any fraudulent intent, but the ground relied on by plaintiffs is they were voluntary and without consideration, and, therefore, the premises therein described should be subjected to the payment of said judgment.

The defendants testified, and they are corroborated by the evidence of the defendant Martin's father, that the defendant Anna paid her husband four hundred dollars for the real estate. There is no evidence tending to cast serious doubts on the testimony of the defendants. It must, therefore, be regarded as true.

In determining the value of the real estate the homestead should be excluded. For, under the circumstances, it could not be subjected to the payment of the judgment if it be conceded it was conveyed voluntarily and without consideration. *Delashmut v. Trau,* 44 Iowa, 613.

It is impossible to determine from the description of the premises set out in exhibit "A" the quantity of land thereby conveyed, and no witness states the value thereof. There is evidence which fixes the value per acre of some of the real estate, but we cannot say it is that described in said exhibit. Conceding, however, it is that tract to which the evidence applies, we cannot approximate to the value because the number of acres has not been shown.

The premises in exhibits "B" and "C" were worth, according to the evidence of Sydlow, $160 at the time he testified. We are not able to say with the requisite degree of certainty that any other witness testified as to the value of these tracts.

In exhibit " D " the homestead and other real estate consisting of lots in the town of Conover is described.

There is evidence showing the value of the homestead, but not of the other lots. We cannot, therefore, say the conveyances were made without consideration. On the contrary, we are of the opinion under the evidence the defendant Anna paid the full value of the premises, if the homestead is excluded. This being so, and as there was no fraudulent intent in fact, the court below erred in subjecting any portion of the real estate to the payment of the judgment.

REVERSED.