AULTMAN, MILLER & CO. v. HEINEY ET AL.

1. **Fraudulent Conveyance:** DELAYING CREDITORS: INTENTION AND
RESULT. To make a debtor's transfer of property fraudulent as respects his creditors, there must be an intent to defraud, express or implied, and an act which, if allowed to stand, will *actually* defraud them by hindering, delaying, or preventing the collection of their claims. Consequently, where a debtor, though with the intent on his part to defraud his other creditors, conveys all his real estate, including his homestead which was not liable for his debt, to one of his creditors for a *bona fide* consideration, exceeding by $700 the value of the property conveyed, after deducting the value of the homestead and the incumbrances upon the property, *held* that the grantee had a right, for the purpose of securing his claim, to accept the conveyance, that the transaction did not, in fact, hinder or delay the other creditors of the grantor, and that the conveyance could not be set aside as fraudulent.

*Appeal from Warren Circuit Court.*

SATURDAY, OCTOBER 21.

THIS is an action in equity to set aside a conveyance of real estate as in fraud of creditors. The petition alleges that on March 4, 1879, plaintiffs obtained a judgment against George W. Heiney, for $116.40, on a promissory note dated July 14, 1877, which judgment is unsatisfied; that at the time of giving said note the said George W. Heiney was the owner of certain lands in the petition described, and that on October 14, 1878, for the purpose of cheating and defrauding his creditors, and especially to defeat the collection of plaintiff's note, he fraudulently made a quit claim deed of conveyance for said lands, being all the lands owned by him, to the defendant, Eli Heiney; that said deed was without consideration, and for the purpose of placing the property of George W. Heiney beyond the reach of his creditors, of which intent said Eli Heiney had notice, and intended to aid said George W. Heiney therein, by accepting said conveyance; that on October 30, 1878, Eli Heiney and wife made a quit claim deed for said lands to W. M. Davis, a brother-in-law

of said George W. Heiney, which deed was without consideration, and for the purpose of still farther aiding said George W. Heiney to evade the payment of his debts; that on October 11, 1879, the defendant, W. M. Davis, and wife, conveyed by quit claim deed said lands to B. F. Heiney, which was recorded, September 28, 1880; that said deed is without consideration, and made to further aid said fraudulent design of said George W. Heiney, of which said B. F. Heiney had notice at the time of taking said conveyance; that part of the land, so conveyed was the homestead of said George W. Heiney; that B. F. Heiney is a son of said George W. Heiney, and has always resided and still continues to reside with his father on said homestead; that at the time said George W. Heiney made conveyance of said premises he was largely indebted to divers persons, and, on the day before the deed was filed for record, he mortgaged all his personal property and placed it beyond the reach of his creditors. The answer denies all the allegations of fraud contained in the petition. The court found that the conveyance from George W. Heiney to Eli Heiney, from Eli Heiney to W. M. Davis, and from W. M. Davis to B. F. Heiney, were all made with the intent to hinder, delay, and defraud the creditors of George W. Heiney, and that they did hinder and delay his creditors. The court declared the conveyance void, and decreed that the judgment of plaintiffs be a lien upon the premises in question. The defendant appeals.

*Seevers & Samson,* for appellants.

*Henderson & Berry,* for appellees.

DAY, J.—The evidence is voluminous, and it is not practicable to do more than set forth the material facts which, in our opinion, it establishes.

On the fourteenth of July, 1877, the defendant, George W. Heiney, executed a promisory note to the plaintiffs for $100, on which they recovered judgment, March 4, 1879, for

$116.44, and attorney's fees and costs, upon which execution issued, and was returned December 12, 1879, unsatisfied, no property being found on which to levy. On the fourteenth day of October, 1870, the defendant, George W. Heiney, conveyed, by quit-claim, to his brother, Eli Heiney, of Marion county, Indiana, all the real estate by him then owned, including his homestead, being four hundred acres of land, the property now in controversy. The consideration of the conveyance was $10,000, which was about the actual value of the land. In payment of this sum, Eli Heiney assumed a mortgage upon the land for $5,000, canceled a *bona fide* indebtedness to himself from George W. Heiney for $2,895.78, and executed his note for $2,104.22, which he subsequently, and before the commencement of this suit, paid. At the time of this conveyance, George W. Heiney was indebted to various parties in a sum largely exceeding his ability to pay. Eli Heiney knew that his brother was indebted, but did not know that he was indebted to the plaintiffs, and did not know that he was insolvent. His purpose in purchasing the property was to obtain payment of the debt due himself, and not to hinder, delay, or defraud the creditors of George W. Heiney.

The conveyance from George W. to Eli Heiney was filed for record, October, 29, 1878. On the thirtieth day of October, 1878, and before the possession of the property was changed, Eli Heiney conveyed the property in question to W. M. Davis, a brother-in-law of George W. Heiney, for the consideration of $10,500. Davis assumed the payment of the $5,000 mortgage, and executed three promissory notes, all dated October 30, 1878. One for $1,000, due March 1, 1878, one for $2,000, due March 1, 1880, and one for $2,500, due March 1, 1881. In November, 1878, the defendant, B. F. Heiney, then not quite twenty-one years of age, rented the farm from his uncle, and was to pay $800. On the eleventh day of October, 1879, Davis conveyed the land in question to B. F. Heiney, for the consideration of $10,500. B. F. Heiney assumed the payment of the $5,000 mortgage, and exe-

cuted two notes, one for $2,500, due October 11, 1881, and one for $3,000, due October 11, 1882. Davis has paid Eli Heiney the $2,500 note, and B. F, Heiney has paid him the other two notes for $1,000 and $2,000. There is one view of this case which, in our opinion is decisive of it, and it is the only view of it which we deem it necessary to consider. The petition alleges, and the proof shows, that the forty acres of land in question constituted the homestead of George W. Heiney.

The evidence shows that the homestead was worth $2,800. The homestead was not liable for the unsecured debts of George W. Heiney, and conveyance of it could not be set aside as in fraud of the right of creditors. *Delashmut v. Trau,* 44 Iowa, 613; *Officer & Pusey v. Evans,* 48 Id., 557; *Griffin v. Sheley,* 55 Id., 513; *Baldwin v. O'Laughlin* (Minn.), 11 N. W. Rep., 77.

Deducting the value of the homestead and the amount of the incumbrance upon the property, there is left but $2,200, which is almost $700 less than the debt due Eli Heiney. Eli Heiney had a right, for the purpose of securing payment of the debt due him, to accept a conveyance from Geo. W. Heiney, even although he knew that George W. Heiney was indebted to other creditors and was prompted by a fraudulent motive in making the conveyance; and the conveyance could not be set aside, merely by showing such knowledge, unless the grantee also participated in the fraud. See *Chase v. Walters,* 28 Iowa, 460, and cases cited in argument of the appellee.

Under the foregoing authorities the conveyance of the property, other than the homestead, was clearly valid, as it was of less value than the incumbrance upon it, and the debt due to Eli Heiney.

Whatever may be the intent of a conveyance, it cannot be set aside as in fraud of creditors, unless it does, in fact, hinder or delay them in collecting their debts. Upon this subject in *Baldwin v. O'Laughlin, supra,* the following lan-

guage is employed: "To make a debtor's transfer of property fraudulent as respects his creditors, there must be an attempt to defraud, express or implied, and an act, which, if allowed to stand, will actually defraud them by hindering, delaying, or preventing the collection of their claims. Whatever may be the debtor's intent, when there is no act which will have this effect, the creditors are not damaged or defrauded." Now as the property conveyed in this case, over and above the incumbrance thereon and the debt due Eli Heiney, constituted the homestead of George W. Heiney, and was not liable for his debts, it follows that a conveyance of it did not hinder or delay his creditors, and that it cannot be set aside as fraudulent. See *Delashmut v. Trau, Officer & Pusy v. Evans, Griffin v. Sheley,* and *Baldwin v. O'Laughlin, supra.*

As the conveyance to Eli Heiney was valid and entirely divested the title of George W. Heiney, it is unnecessary to inquire into the nature of the subsequent conveyances. The court erred in decreeing the conveyances to be fraudulent.

REVERSED.