The State v. Boynton.

AFFIRMED.

## THE STATE v. BOYNTON *et al.*

| 75 | 753 |
| 76 | 545 |
| 77 | 20 |

1. **Assault and Battery** : INFORMATION : REQUISITES. An information for an assault and battery which charged that the defendant "did then and there violently beat, bruise, wound and ill-treat" the complainant, contrary to the statute, etc., is sufficient, without charging that the acts complained of were done in an angry and wilful manner, and with a purpose to inflict bodily injury.

2. **Chattel Mortgage:** DISPUTE AS TO VALIDITY : SEIZING PROPERTY UNDER : PERSONAL VIOLENCE : CONSTABLE. One who is about to take possession of chattels under and by virtue of a mortgage in his possession, and is resisted by the mortgagor on the ground that the mortgage is invalid, must desist from his purpose when he finds that it can be accomplished only by the use of such force as would cause a breach of the peace ; and if he proceeds and commits such acts as, under other circumstances, would amount to an assault and battery, he will be guilty of that offense. And the fact that he is a constable makes no difference ; for in such a transaction he does not act in his official capacity, but only as the mortgagee's agent.

3. **Appeal:** CRIMINAL CASE : EVIDENCE TO SUSTAIN FINDING OF COURT. The finding of the district court, upon the trial without a jury of an assault and battery case on appeal from a justice, has the effect of the verdict of a jury, and will not be disturbed in this court for want of evidence to support it, when the evidence is conflicting.

4. **Criminal Law** : JUDGMENT FOR FINE AND COSTS : IMPRISONMENT IN DEFAULT OF PAYMENT : INTERPRETATION. A judgment that the defendants each pay a fine of fifty dollars, and $62.75 costs, and that in default thereof they each stand committed to the county jail for fifteen days, is not illegal as being a judgment for imprisonment for costs ; but the imprisonment clause will be held to relate only to the fine, since as to that it is not in excess of the statute. (Code, sec. 4509 ).

5. **Assault and Battery:** IN TAKING MORTGAGED PROPERTY: MISTAKE OF LAW: MITIGATION OF FINE. Persons who commit an assault and battery in attempting forcibly to take possession of mortgaged chattels as agents of the mortgagee, after they have been informed of the mortgagor's claim that the mortgage is invalid, cannot have their sentence, otherwise not excessive, mitigated, on the ground that they acted honestly, but under mistake; for their mistake is one of law only, which the law does not excuse.

*Appeal from Audubon District Court.*—HON. H. E. DEEMER, Judge.

FILED, JUNE 5, 1888.

THE defendants, F. L. Boynton, an attorney, and James McClure, a constable of Crawford county, were employed by Payne Bros., of West Side, to take and remove certain personal property then in the possession of one John Concanan, at his place of residence, in Audubon county. Payne Bros. claimed a right to the property by virtue of certain chattel mortgages and a bill of sale. This right was denied by Concanan, who insisted that these instruments were given to hinder and delay his creditors, that nothing was due thereon and that they were invalid. Defendants went to Concanan's residence, and proceeded to take the property. Concanan refused to allow the property to be removed, and attempted to prevent it by seizing and refusing to deliver a team which defendants, with four assistants, were attempting to take. After some struggling, defendants and their assistants attempted to handcuff Concanan, and, after several hours of continuous effort, succeeded in accomplishing that object. It seems probable, from the length of the struggle, that defendants desired to effect their purpose without inflicting unnecessary injury; but it appears that, before Concanan was handcuffed, one of his fingers was broken, a thumb was dislocated and he was otherwise injured. For their connection with this affair defendants were arrested, and tried in justice's court for the crime of assault and battery, and convicted. They appealed, were tried by

the district court without a jury, and again convicted, and now appeal to this court.

*Nash, Phelps & Green* and *F. L. Boynton*, for appellants.

*A. J. Baker*, Attorney General, for the State.

ROBINSON, J.—I. Appellants object to the sufficiency of the information under which they were convicted, on the ground that it does not charge that the acts of which complaint is made were done in an "angry and wilful manner," and "with a purpose to hurt or inflict corporal injury." The third subdivision of section 4662 of the Code requires, in an information of the kind in question, "a statement of the acts constituting the offense in ordinary and concise language." The information charges that defendants "did then and there violently beat, bruise, wound and ill-treat the said John Concanan, contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Iowa." We think it sufficiently complies with the requirements of the statute.

*1. ASSAULT and battery: information: requisites.*

II. Each of the chattel mortgages under which defendants claim to have acted contains a provision which is substantially as follows: "And I, the said John Concanan, do hereby covenant and agree to and with the said Payne Bros. that, in case of default made in the payment of the above-mentioned promissory note, or in case of my attempting to dispose of or remove from said county of Crawford the aforesaid goods and chattels, or any part thereof, or whenever the said mortgagee shall choose so to do, then and in that case it shall be lawful for the said mortgagee, or his assigns, by himself or agent, to take immediate possession of the said goods and chattels wherever found, the possession of these presents being his sufficient authority therefor, and to sell the same," etc. It is claimed by appellants that this provision is, in effect, an irrevocable license, which authorized them,

*2. CHATTEL mortgage: dispute as to validity: seizing property under: personal violence: constable.*

as agents of the mortgagees, to enter the premises of the mortgagor, and take therefrom all mortgaged property; and that, having no power to revoke this right, Concanan had no ground for resisting it. We need not discuss the effect of the provision quoted, nor the rights thereby created, if the instruments were valid and unquestioned. It is sufficient to say that Concanan claimed that they were invalid and of no force; that he was in peaceable possession of the property; and that defendants were fully advised as to his claims in regard to it. If for any reason the instruments were illegal when executed, or, if being legal at that time, they had been discharged, they were of no force, and conferred no right to the possession of the property upon which they were given at the time in question. In that case the attempt of defendants to take and remove the property was as unauthorized as though they were proceeding without color of right, and it was lawful for Concanan to resist the removal. Under the circumstances, it was the duty of defendants to desist from their purpose when they found that it could be accomplished only by the use of such force as would cause a breach of the peace. It was not the case of an officer serving legal process. The fact that McClure was a constable did not affect the rights of defendants. He was not acting by virtue of his office, but only as the agent of a private citizen. It was the case of one party to a writing claiming a right thereunder,—which was denied by the party of the other part,—and attempting to enforce it by a resort to violence. It is scarcely necessary to say that private disputes cannot be lawfully settled in that manner. The courts were open, and their process available, to establish and enforce any rights to which defendants or their principals were entitled.

III. It is claimed by appellants that Concanan commenced the matter in controversy by first committing an assault and battery upon McClure; that in consequence Concanan became subject to arrest by section 4201 of the Code, which provides that "a private

<small>3. APPEAL: criminal case: evidence to sustain finding of court.</small>

person may make an arrest (1) for a public offense committed or attempted in his presence;'' and that whatever was done by defendants was for the purpose of arresting Concanan for the public offense which he had committed in their presence. But some of the evidence tends to show that McClure, abetted by Boynton, was the aggressor, and the finding of the district court as to that fact must stand as the verdict of a jury, and cannot be disturbed by us. Moreover, we think the finding was sustained by the evidence.

IV. It is contended that the judgment of the district court is illegal, in that it provides for imprisonment in case default is made in the payment of costs. The part of the judgment material to this inquiry is as follows :

*4. CRIMINAL law : judgment for fine and costs: imprisonment in default of payment: interpretation.*

"It is adjudged by the court that the defendants each pay a fine of fifty dollars, * * * and the further sum of $62.75, the costs of this action, and that, in default of the payment of the same, they each stand committed to the jail of this county fifteen days, unless the same are sooner paid.'' The form of the entry is certainly not to be commended, but, in view of the statute, its effect cannot be doubtful. Section 4509 of the Code provides that "a judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which shall not exceed one day for every three and one-third dollars of the fine.'' The imprisonment specified in the judgment does not exceed the statutory limit, and, since it is not authorized for costs in cases of this kind, it must be held to apply only to the fines imposed.

V. It is urged that the punishment inflicted is excessive, on the ground that defendants were acting in good faith, and under a mistake as to their legal rights. But the alleged mistake was one of law. The claims of Concanan as to the mortgages and bill of sale were known to defendants before they visited his premises.

*5. ASSAULT and battery : in taking mortgaged property: mistake of law : mitigation of fine.*

We do not think that under the facts of this case the punishment is excessive.

We discover no material error in the proceedings, and the judgment of the district court is therefore

<sub>A</sub>FFIRMED.