CONCANAN v. BOYNTON *et al.*

**Trespass to Real Estate :** TAKING PROPERTY UNDER CHATTEL MORT-
GAGE. Defendants, as agents of the mortgagee of chattels, went
upon defendant's premises, with the mortgages in their possession
as their authority, to take possession of the chattels, and plaintiff
sues for trespass to his real estate. *Held* that if the chattels were
in the peaceable possession of plaintiff, and the right of defend-
ants to remove them was denied, and their attempt to remove them
was resisted, it was their duty to desist, and to resort to other means
for the enforcement of their rights. And if the entry itself was
rightful, but some illegal act was done from which damage to the
realty of plaintiff resulted, they were liable therefor. (Compare
*State v. Boynton,* 75 Iowa, 753.)

*Appeal from Audubon District Court.*—HON. A. B.
THORNELL, Judge.

FILED, JANUARY 19, 1889.

PLAINTIFF brought this action against F. L.
Boynton and James McClure, to recover of them the
sum of five thousand dollars for an alleged trespass upon
and injury to real estate. The cause was tried to a jury,
and a verdict returned in favor of plaintiff for twenty-
five dollars as against Boynton, and $22.70 as against
McClure. A motion for a new trial was overruled, and
judgments were rendered in favor of plaintiff on the
verdict. Defendants appeal.

*F. L. Boynton* and *Nash, Phelps & Green,* for
appellants.

*H. F. Andrews,* for appellee.

ROBINSON, J.—The record shows that defendants
entered upon the premises of plaintiff on or about the
fifteenth day of November, 1886, for the purpose of taking
and removing therefrom, by virtue of a chattel mortgage
and bill of sale given as security, certain personal prop-

erty.   Plaintiff alleges that defendants, "with force and arms, wilfully, maliciously and unlawfully broke and entered into and upon said land, and, having so broken and entered, did then and there tread and break down the herbage upon said land, and injure the fence on said land, and trod down the soil of said land, and broke the lock and fastenings of the door attached to and a part of the stable located upon said land, and injured the door attached to said stable,—all the property of plaintiff."   Other allegations of plaintiff charge defendants with various acts in aggravation of damages, and claim that all the acts named were unlawful, and that the principals for whom defendants were acting had been notified not to enter upon said premises and not to remove personal property therefrom.   The jury found specially that the original entry upon the premises was peaceable and without force ;   that plaintiff had not notified defendants not to come upon his land ; that the property they took was described in the bill of sale which they had in their possession, and under which they acted ;   that one horse taken was described in a chattel mortgage which they had in their possession ;   that defendants used no more force than was necessary to obtain possession of the property ; and they did not purposely or intentionally inflict any of the personal injuries upon plaintiff of which complaint is made.   The jury also found specially that defendants broke the lock in plaintiff's stable, and that the actual damage done by them to his real estate amounted to one dollar.   Also that defendants obtained no property peaceably, and that what they did was not done under a belief that they had a right to do it.

Appellants do not in argument complain of the amount of the judgments, but seem to claim that no judgment should have been rendered against them.   The substance of their argument is to the effect that the bill of sale and chattel mortgage, under which they were acting, gave to them the right to enter upon the premises where the property included in these instruments was kept, and to remove the same ; that the removal could

be accomplished by force if necessary ; that the implied license for such entry and removal, given by the mortgage and bill of sale, could not be revoked ; and that, if plaintiff disputed the right of removal, his appropriate remedy was to have the foreclosure proceedings removed to the district court, for the settlement of the rights of parties, or to recover the value of the property taken in an action at law. In the case of *State v. Boynton*, 75 Iowa, 753, which we infer arose from the same transaction involved in this case, we held that, if the mortgages under which the defendants sought to remove the property were invalid when executed, or if they had been paid, the mortgagor could lawfully resist the removal. We are not advised as to the facts disclosed on the trial in this case, for the reason that the abstract does not contain any of the evidence given ; hence we must presume that there was evidence submitted which sustains the verdict, unless the contrary appears. If the property which defendants sought to remove was in the peaceable possession of plaintiff, and the right of defendants to remove it was denied, and their attempt to remove it was resisted, it was their duty to desist, and to resort to other means to enforce such rights as they desired to protect. Although the jury found specially that the entry of defendants was peaceable, yet they did not find that it was made by virtue of any authority. If the entry itself was rightful, but some illegal act was done from which damage to the realty of plaintiff resulted, the instruments under which defendants were acting would afford no defense. The special findings show that plaintiff sustained some damage by reason of the acts of defendant, and we must presume that the evidence showed that the acts were wrongful. A judgment against the defendants was therefore authorized, and the amount of the judgment is not presented for our consideration.

AFFIRMED.