Ruiter v. Plate.

---

RUITER v. PLATE *et al.*

<div style="float:right">
77   17<br>
98   596<br>
77   17<br>
f130   281
</div>

1. **Appeal: JURISDICTION: AMOUNT IN CONTROVERSY.** In an action of replevin the petition alleged that the value of the property was one hundred dollars, and that plaintiff had sustained damages by reason of its detention in the sum of twenty-five dollars. The prayer of the petition is for the delivery of the property, or for its value, if it cannot be found, and for damages and costs. *Held* that the amount in controversy was more than one hundred dollars, and that this court had jurisdiction of the appeal without a certificate from the trial judge.

**2. Replevin:** WHEN DEMAND NOT NECESSARY AS CONDITION TO ACTION. Where a petition in replevin stated that defendant, under a chattel mortgage, which was void, took the mortgaged property against plaintiff's protest and opposition, amounting almost to actual resistance,—the property being the same as that sought to be recovered in the action,—*held* that it was error to order a verdict for defendant because there was no allegation of a prior demand, for, if the allegations were true, the taking was wrongful, and no demand was necessary.

*Appeal from Sioux District Court.*—HON. S. M. LADD, Judge.

FILED, JANUARY 24, 1889.

ACTION to recover the possession of five hundred bushels of oats, of the alleged value of one hundred dollars. Upon the submission of all the evidence on the part of the plaintiff, the court instructed the jury to return a verdict for defendants. A verdict was returned in accordance with the instruction, and from the judgment rendered thereon the plaintiff appeals.

*George W. Hewitt,* for appellant.

*W. S. Palmer,* for appellees.

ROBINSON, J.—In June, 1887, the plaintiff purhased of defendant and Carver a horse, in part payment for which he gave a note for eighty-five dollars, and a chattel mortgage on the oats in controversy to secure the same. The horse died a few days after it was purchased. On a subsequent date defendant Plate, as the agent of Carver, seized and removed the oats under the chattel mortgage. Plaintiff asks judgment for the oats, or their value, and for his damages. He alleges that the contract of purchase included a warranty that the horse was sound and good for general farm purposes; that the horse was in fact unsound and worthless; that there was a total failure of the consideration of the mortgage, and, as a consequence, the mortgage is invalid; and that the oats were taken by Plate forcibly, without the consent and contrary to the directions of plaintiff. The

evidence tends to support these claims of plaintiff. The court instructed the jury to return a verdict for defendants, on the ground that no demand by plaintiff for the return of the oats prior to the bringing of this action was proven.

I. Appellee contends that the amount in controversy is not sufficient to give this court jurisdiction of this case without a certificate of the trial judge, and; since such a certificate was not given, that the case must be dismissed. The petition alleges that the value of the property in controversy was one hundred dollars ; that plaintiff has sustained damages by reason of its detention in the sum of twenty-five dollars. ..The prayer of the petition is for the delivery to him of the property, or for the value thereof, if it can be found, and for damages and costs. The averments of the petition and the prayer for judgment, together, show with certainty the amount in controversy, and that it is more than one hundred dollars. We think that is sufficient to give this court jurisdiction under section 3173 of the Code. The amount in controversy, as shown by the pleadings, does not appear to have been diminished by any waiver of plaintiff.

*1. APPEAL: jurisdiction: amount in controversy.*

II. It is contended by appellees, and was intimated by the court below, that a demand for the return of the oats was necessary before the right of recovery of plaintiff became complete. Whether such a demand was necessary or not depends upon the facts of the case. As a rule, the law does not require useless acts. It was said in *Smith v. McLean*, 24 Iowa, 325, that proof of demand of possession will be required at the trial only where it is necessary to terminate the defendant's right of possession, or confer on plaintiff that right, and that to require such proof in other cases would be to impose a vain and useless labor. See, also, *Jones v. Clark*, 37 Iowa, 391, and cases therein cited ; 5 Amer. & Eng. Cyclop. Law, 528*h*, 528*i*, and notes. In this case the evidence tends to show that when Plate took the. oats they were in a granary which belonged to plaintiff, and

*2. REPLEVIN: when demand not necessary as condition to action.*

which was locked; that plaintiff refused to allow defendants to take the oats, and forbade their removal; that he opposed such removal almost to the extent of actual resistance; that Plate, in order to take possession, forced the granary locks, and took the oats, contrary to the expressed and known will of plaintiff. Under these circumstances, if the mortgage under which Plate was acting was in fact void, the taking of the oats was wrongful. *State v. Boynton*, 75 Iowa, 753. A demand for the return of the property in such a case would be an idle form. If defendants had taken possession of the property without notice of the claims of plaintiff in regard to the mortgage, a different question might arise. It is claimed by appellees that the mortgage by its terms gave to them the possession of the property. It in terms gave the mortgagee the right to take such possessions, but, if the claim of appellant in regard to the mortgage be true, it was invalid, and could not be made the basis of a claim of possession.

III. In view of the conclusion we have stated, other questions presented by counsel are not material, and will not be determined. For the error of the court in instructing the jury to return a verdict for defendants, its judgment is

REVERSED.