THE WHEELER & WILSON MANUFACTURING COMPANY, Appellant, v. K. O. BJELLAND, *et al.*

**Fraudulent Conveyance:** HOMESTEAD. The owner of a homestead
1  may, as against creditors who have no lien upon it, convey it without consideration, and it is immaterial with what motive he conveys, and how much he is indebted.

**Practice:** CROSS BILL. Where, in an action to set aside a convey-
2  ance as fraudulent, it appeared that there was a mistake in the description of the land, it was proper, on cross petition, to correct the description, in the decree declaring the conveyance valid.

*Appeal from Webster District Court.*—HON. B. P. BIRDSALL, Judge.

FRIDAY, APRIL 10, 1896.

THE plaintiff is a judgment creditor of the defendant, K. O. Bjelland. The judgment was rendered on the fourteenth day of February, 1893. This is a suit in equity, by which it is sought to set aside the sale and conveyance of a farm by Bjelland, on the ground that said sale was fraudulent as to his creditors. There was a decree in the court below dismissing the petition, and the plaintiff appeals.—*Affirmed.*

*R. M. Wright* and *Blake & Mitchell* for appellant.

*Botsford, Healey & Healey* for appellees.

ROTHROCK, C. J.—I. It appears from the evidence in the case, that the defendant, K. O. Bjelland, was the owner of a farm of one hundred and twenty acres, upon which he resided, with his family, for a number of years. He had a son-in-law, named Rayne, who at one time was engaged in business, by which, he became indebted to the plaintiff in the sum of about nine hundred dollars. Bjelland was security for the debt. The farm was incumbered by two mortgages, one for one thousand six hundred dollars, and another for three hundred and two dollars, and Bjelland owed other debts, including a claim due to his brother, Errick Bjelland, for about nine hundred dollars. On the eighteenth day of January, 1893, Bjelland and his wife conveyed the farm to the defendant, Andrew Arent, and on the fourteenth day of February, 1894, Arent conveyed the same to the defendant, Ole Danielson. The plaintiff attacks these conveyances, on the ground that they were fraudulent, and made to hinder and delay the creditors of Bjelland. Errick Bjelland took one of the promissory notes, which Arent gave for the purchase of the land, in payment of the debt to him from his brother, K. O. Bjelland. This transaction is claimed to be fraudulent, and the plaintiff seeks to subject the note, or its proceeds, to the payment of its debt. There is no question of law in the case, which demands any elaborate consideration. It is proper to say, however, that— as K. O. Bjelland had a homestead in the land, and it is not, and ought not to be, disputed that he had a right to sell and dispose of it, no matter how much he was indebted, nor what his motive was, in making the sale—the debt due the plaintiff, was not a lien upon the homestead; and if the conveyance was voluntary, and without consideration, the plaintiff had

no right to complain. *Delashmut v. Trau*, 44 Iowa, 613; *Officer v. Evans*, 48 Iowa, 557.

II. When the conveyance was made from Bjelland to Arent, a mistake was made in the description of part of the land. A cross petition was filed, in which it was prayed that the mistake might be corrected, and the deed reformed so as to properly describe all the land. The decree was entered in accord with the prayer of the cross bill. This was fully authorized by law, providing the conveyance was valid, and not fraudulent, as to creditors.

III. The controlling question in the case is, was the conveyance to Arent fraudulent as to the plaintiff? The evidence on this question, as is usual in such cases, is quite voluminous. The defendant, K. O. Bjelland, the principal party to the alleged fraud, was examined as a witness in plaintiff's behalf at great length, and much of his testimony is set out in the abstract by question and answer. This appears to have been done to show that he was an untruthful witness. And in the argument of counsel for appellant, both this witness and Arent are denounced as untruthful, and the claim is made that their testimony discloses unmistakable badges of fraud. We will not review the evidence. It is sufficient to say that there is no question in our minds that Arent paid full consideration for the land, and that, after deducting the value of the homestead, every dollar of the purchase money was honestly applied in the payment of Bjelland's debts and other disbursements, which were perfectly legal and proper. The negotiations leading up to the sale were conducted openly, and in the usual manner, without haste or secrecy, and for a full consideration, and the evidence does not show that Arent had any reason to believe that there was any fraudulent purpose on the part of Bjelland in selling his land; and there is no question that Danielson purchased

the land in the utmost good faith. There is no other question in the case which demands special mention. A careful examination of the whole record satisfies us that the decree of the district court is right, and it is AFFIRMED.