THERESA DETTMER v. FRITZ BEHRENS, and FRITZ BEHRENS
as Administrator of the Estate of PHILIPHINE
BEHRENS, Deceased, Appellants.

**Estates:** HOMESTEADS: *Creditors.* Creditors cannot complain that a testatrix sold her homestead for a certain sum, to be paid her during life, and left a deed thereof with the depositary of her will to be turned over to the purchaser upon the payment of a specified additional sum, whether the deed be regarded as testamentary in character or as deposited in escrow.

EXEMPTIONS. The homestead of a testatrix who leaves neither husband or children surviving her, is subject to the payment of any claims established against her estate under Code, section 2986.

**Deeds:** DELIVERY. The delivery of a deed after the grantor's death to a purchaser in possession of the premises by one with whom the grantor has deposited it with directions to make such delivery upon payment of the balance of the purchase price, is, upon fulfillment of the condition, valid and effectual and relates back to the first delivery.

**Witnesses.** A wife who was present at a conversation between her husband and a deceased person but did not participate therein is competent as a witness although her husband is prohibited from testifying under Code, section 4604.

*Appeal from Lee District Court.*—HON. HENRY BANK,
JR., Judge.

TUESDAY, OCTOBER 25, 1898.

ACTION to subject certain land to the payment of the claims established against the estate of Philiphine Behrens. Decree as prayed, and defendants appeal.—*Reversed.*

*J. D. M. Hamilton* and *J. L. Benbow* for appellants.

*Herminghausen & Herminghausen* for appellee.

LADD, J.—Philiphine Behrens died May 26, 1893; and on September 11th, of the same year, her will, made July 27,

1892, was admitted to probate. With it was a warranty deed, signed and acknowledged by her, conveying the house and lot in controversy to Fritz Behrens, and to which the third clause of the will evidently related: "The warranty deed inclosed herewith shall be held by my executor until the grantee, Fritz Behrens, shall pay over to the executor the sum of one hundred dollars, which shall be done within one year after my death; then the deed shall be given him." The deed and will were drawn by one Stoevener at the same time, and placed in one envelope, which was sealed. It was her direction and intention that he hold both, and deliver the deed when the one hundred dollars was paid; but, advising her the proper place was with the clerk, he left it there, inclosed as stated. As Stoevener failed to qualify as executor, though so nominated in the will, Fritz Behrens was appointed administrator with the will annexed. On his application, showing the payment of the one hundred dollars, the court ordered the clerk to deliver the deed to him, which was accordingly done. The testatrix left neither husband nor children surviving her, and the real estate in controversy, though her homestead, unless disposed of to Behrens, is subject to the payment of any claims established against her estate. Code, section 2986. The plaintiff procured the establishment of her claim against the estate of the deceased in the sum of one hundred and sixty-nine dollars and five cents, with interest, as of the third class, and others aggregating about two hundred dollars were allowed. This action is brought to have the land mentioned sold, and the proceeds applied in payment of these claims. Behrens sets up in his answer that he purchased the property of the testatrix in 1890, for the agreed consideration of five hundred dollars, of which four hundred dollars was paid during the life of Mrs. Behrens in board and nursing, at the agreed price of three dollars per week, and that the remaining one hundred dollars was to be paid after her death, in order to provide for necessary funeral expenses, and upon this payment the deed which she was to leave fully prepared

with Stoevener should be delivered. The facts thus pleaded are fully established by the evidence.

Even though it be conceded that Behrens was prohibited from testifying by section 4604 of the Code, his wife, who claimed to have been present, and not to have participated in the conversation, is competent as a witness. *Aucham-paugh v. Schmidt,* 77 Iowa, 17; *Lines v. Lines,* 54 Iowa, 600; *Johnson v. Johnson,* 52 Iowa, 586. She testified to the facts alleged in the answer, is uncontradicted, and we must regard them as established. From her evidence it also appears that the testatrix told Behrens, who had been a tenant, that the lease was at an end, and he should take possession at once. He continued in occupancy of the premises, and made some improvements. The testatrix boarded with him from June 6, 1890, till November 6, 1892, after which she occupied rooms until her death, though taking her meals with others. We have, then, an agreement for the sale of the house and lot at a fair valuation, with the greater part of the consideration paid during life, according to the contract, and the deed to be delivered to the grantee after the death of the grantor upon the payment of the remainder of the purchase price to the executor of the grantor's estate. In our view of the case, it is not very material whether the deed be regarded as testamentary in character, as contended by appellee, or the deposit with the will under the control of the executor named in the nature of an escrow, as urged by the appellant. In either event Behrens had the right to have the deed turned over to him upon the performance of the condition. If the deed had not beeen made or incorporated with the terms of the will, the executor would have been required, under the law, to complete the sale by executing a conveyance on the payment of the balance of the purchase price. Possession had been given, and a part of the purchase price paid, and surely the courts will order the completion of such a contract. The creditors were in no manner prejudiced. As it was her homestead, she might dispose of it during her life, regardless of their claims. Code, section 2973. *Delashmut v.*

*Trau,* 44 Iowa, 613 ; *Officer v. Evans,* 48 Iowa, 557 ; *Griffin v. Sheley,* 55 Iowa, 513 ; *Addicken v. Humphal,* 56 Iowa, 365 ; *Aultman v. Heiney,* 59 Iowa, 654 ; *Butler v. Nelson,* 72 Iowa, 732 ; *Manufacturing Co. v. Bjelland,* 97 Iowa, 637. And, in the absence of prejudice to the creditors, she might lawfully prescribe the entire manner in which her estate shall be administered. Code, section 3336. So, it is quite immaterial whether she direct the executor to execute the deed upon the payment of the balance of the purchase price, or leave the deed for him to deliver upon the happening of the contingency. See *Robinson v. Schly,* 6 Ga. 526.

If, however, we agree with the appellant, and say that this deed shall not be construed as a part of the will, we must regard Behrens as having acquired the title by its delivery. The rule is well settled that the death of a grantor will not prevent the delivery of a deed if the condition under which it is held by a third person is complied with. *Lindley v. Groff,* 37 Minn. 338 (34 N. W. Rep. 28) ; *Ruggles v. Lawson,* 13 Johns. 285, (7 Am. Dec. 375) ; *Stone v. Duvall,* 77 Ill. 480 ; *Davis v. Clark,* 58 Kan. 100 (48 Pac. Rep. 563). Here all conditions are met; *i. e.,* the death of the grantor and the payment of one hundred dollars to her executor. True, there are cases holding that if a grantor places a conveyance in the hands of a third party, to be delivered to the grantee after the grantor's death, a delivery under such circumstances is inoperative, as the agency created ends with the death of the principal. See *Wellborn v. Weaver,* 17 Ga. 267 (63 Am. Dec. 235). It has been said that a deed may not be delivered by a dead hand. But delivery may be incomplete in life to become absolute after death. *Stone v. Duvall, supra; Foster v. Mansfield,* 3 Metc. (Mass.) 412. And where the grantor places the deed in the hands of a third person, to be delivered to the grantee named therein after the grantor's death, without reservation to recall, and it is not recalled, but remains in the hands of the depositary till the happening of that event, and is then turned over to the grantee, there appears to be no good reason

why the delivery shall not be regarded as valid and effectual, and relate back to the first delivery. *Wheelwright v. Wheelwright,* 2 Mass. 447 (3 Am. Dec. 66); *Belden v. Carter,* 4 Day, 66; *Belden v. Carter,* 4 Am. Dec. 185, and note; *Shed v. Shed,* 3 N. H. 432; *Morse v. Slason,* 13 Vt. 296; *Hatch v. Hatch,* 9 Mass. 307 (6 Am. Dec. 67); *Howard v. Patrick,* 38 Mich. 805; *Phillips v. Housten,* 50 N. C. 302; *Hocket v. Jones,* 70 Ind. 227; *Stevens v. Huss,* 54 Pa.St. 20; *Garnons v. Knight,* 5 Barn. & C. 689; *Mather v. Corliss,* 103 Mass. 568; *Hathaway v. Payne,* 34 N. Y. 92. Appellee asserts the deed never passed beyond the control of the grantor. The facts that it was left with the depositary with her last testament, and in accordance with her agreement, that she repeatedly remarked that it would be delivered to Behrens upon payment of the balance of the consideration, and that she yielded possession, and accepted the part of the consideration, fully established her determination never to recall it. As said in *Newton v. Bealer,* 41 Iowa, 339: "Where one who has the mental power to alter his intention, and the physical power to destroy a deed in his possession, dies without doing either, there is, it seems to us, but little reason for saying that his deed shall be inoperative simply because during life he might have done that which he did not do. It is much more consonant with reason to determine the effect of the deed by the intention existing up to the time of death than to refuse to give it that effect because the intention might have been changed." In *Trask v. Trask,* 90 Iowa, 318, this language is used: "The facts attending the delivery to a third person which may pass the title to the grantee are not required to be such as that it is beyond the mental power of the grantor to alter his intention, or that he has not the physical power to regain possession of the deed. *Newton v. Bealer,* 41 Iowa, 334. As we have seen, the intention of the grantor is the polar star by which courts must be guided in determining the question." The rights of the creditors are in no way involved, because in no event would Behrens be held liable for more than the balance of the purchase price. We discover no reason

for interfering with the consummation of this agreement in the manner agreed upon by the parties. The deed, when given, related back to the time it was deposited with Stoevener and the title became perfect in Behrens. The motion to strike requires no consideration, and is overruled. The decree of the district court is REVERSED.