JOHN W. RICHARDS, Trustee, Appellant, v. M. A. ORR AND M. V. ORR.

Sale of Homestead: INTENTION TO REINVEST: STIPULATION REGARD-
1   ING.   A stipulation that a tract of land was purchased with the proceeds of a former homestead and that forty acres of the latter tract is exempt, amounts to an· admission that the first farm was sold with the intention of reinvesting in another as a homestead and that the same was purchased from the proceeds of the former, and the intention to so reinvest the proceeds cannot thereafter be questioned.

Change of Homestead: SECTION 2981 OF THE CODE CONSTRUED. Not-
2   withstanding the fact that section 2981 of the Code contains
.   the words ''or may vacate it'' in lieu of the words ''or may change it entirely'' in the corresponding sections of the Code of 1873, the owners of a homestead may, sell it and acquire an entirely new one by a reinvestment of the proceeds.

Same: EXEMPTION OF PROCEEDS:   NEW TITLE IN WIFE.   The pro-
3   ceeds of the homestead are exempt, if reinvested in another within a reasonable time, and it is not objectionable that the
·   new title is taken in the name of the wife.

*Appeal. from Clarke District Court.*—HON. H. M. TOWNER, Judge.

THURSDAY, DECEMBER 18, 1902.

THE plaintiff recovered two judgments against defendant Martin V. Orr February 13, 1900, and Jedd Knotts held another, rendered December 6, 1898. Actions on each of these to subject land in the name of Orr's wife to their payment were begun March 7, 1900, and afterwards consolidated. Upon hearing the petitions were dismissed, and plaintiff appeals.—*Affirmed*.

*Temple, Hardinger & Temple* for appellant.

*A. B. Miller* and *Jamison & Park* for appellees.

LADD,.C. J.—For many years prior to June 1, 1897, Martin V. Orr had owned and occupied with his family two hunderd and 'forty acres of land in Clarke county. On that day he sold it, and applied_all the proceeds except $1,700 to the payment of his indebtedness to others than plaintiff. With this sum he purchased another farm of one hundred and forty-seven acres February 14, 1898, taking title in the name of his wife, M. A. Orr, who executed a mortgage of $1,400 thereon to secure payment of the balance of the purchase price. It is agreed that the forty acres of the first farm occupied as a homestead was worth the $1,700 invested in the second farm, and that one forty of the latter is similarly occupied by defendants, though its value is not disclosed. The debts on which plaintiff's judgments were rendered accrued while the husband owned the two hundred and forty acres. He is now insolvent, and recourse is sought against the land purchased in the name of his wife.

The precise question for coi sideraton is thus stipulated by the parties: "The contention of the said Martin V. Orr and wife being that the said tract of land, having

1. SALE of homestead: intention to reinvest: stipulation regarding.

been purchased with the proceeds of the homestead, is entirely exempt from execution in the hands of the sa d M. A. Orr. The contention of the various plaintiffs being that the land; the one hundred and forty-seven acres, is to be

subjected to the various judgments, reserving to the said M. V. Orr and wife the above-described forty acres of land, as their homestead, and agreeing that the said mortgage shall be first paid out of the land remaining; their contention being to subject whatever equity there may be in such remainder to the satisfaction of their judgments." This is tantamount to an admission on the part of plaintiff that the first farm was sold with the intention of reinvesting in another, to be used as a homestead, and that from the money derived therefrom the second farm was bought. On no other theory could the question submitted for decision have arisen from the facts stipulated. The money was in fact so used. The parties recognized Orr's purpose to so use it. Their arguments are on this theory, and they ought not to be permitted now to question whether such intention existed.

II. Appellant first urges that, in view of the change made in the Code, an entirely new homestead could not have been acquired by Orr. Section 2981 of the Code

2. CHANGE of homestead: section 2981 of the Code construed.

reads: "The owner may, from time to time, change the limits of the homestead by changing the metes and bounds, as well as the record of the plat and description, or vacate it, but such changes shall not prejudice conveyances or liens made or created previously thereto, and no such change of the entire homestead, made without the concurrence of the husband or wife, shall affect his or her rights, or those of the children. The new homestead, to the extent in value of the old, is exempt from execution in all cases where the old or former one would have been." A comparison indicates that this includes sections 2000 and 2001 of the Code of 1873, and that the former is copied verbatim into it, save that the clause "or may change it entirely" after the word "description" is omitted, and in lieu thereof "or vacate it" inserted. The object of this slight change is not easy to undertsand. The probable reason for it is that the

right to make an entire change of homestead is reasonably to be inferred from the language of the statute preceding the omitted clause. In view of what follows, in which such right is expressly recognized, we think this is true, and that the meaning of the statute is the same as before the elimination of the clause quoted.

III. As the former homestead was worth $1,700, the husband had the right to retain that sum for the purchase of a new homestead. *Manufacturing Co. v. Bjelland*, 97

3. SAME: exemp-  Iowa, 637; *Butler v. Nelson*, 72 Iowa, 732;
tion of pro-
ceeds: new    *White v. Kinley*, 92 Iowa, 599.    The money
title in wife.  was held for a reasonable time only before
buying the second farm, and was, therefore, exempt in his hands from the payment of his debts. *State v. Geddis* 44 Iowa, 537. In procuring the second homestead he was under no obligation to have the conveyance made to himself. No one was in a situation to complain of taking title in the name of his wife. The creditors lost no right as they had none therein to lose. For this reason this court has repeatedly held that exempt property may be transferred, with or without consideration, at will, and regardless even of the motive with which this is done. *Dettmer v. Behrens*, 106 Iowa, 586, and cases cited.

Creditors cannot follow such property into the hands of purchasers. The latter may do with it as they please. When capital is invested in a homestead, it is, as suggested by appellant, withdrawn from business enterprise. Those who deal with the title holder appreciate this, and of necessity place no reliance upon it as an asset upon which credit is extended. When sold, then, and the proceeds again become a part of the productive capital of the business world, creditors are not prejudiced by the change, nor by its transfer to the ownership of others. If the debtor choose to give away that to which the creditor has no claim, upon what ground can he complain? He has been deprived of no protection in property owned by the

debtor. If the homdestead is of great value,—which is possible in this state,—antecedent creditors are not prejudiced, as it is subject to the payment of their debts. Others are not prejudiced, as they extend credit with notice of the exemption and its value. If it be disposed of, and the proceeds invested in a less valuable homestead, and the remainder given away, subsequent creditors, if not allowed to follow that so disposed of, are in no worse situation than they would have been had the first homestead been retained, save in the remote contingency of his dying without surviving spouse or heirs. Section 2986, Code. If the transferee be the wife, the case is not different. She has the same right to acquire property as a *feme sole*, and may employ whomsoever she will to manage it for her. If her husband, it is a mere matter of agreement between them. *Deere, Wells & Co. v. Bonne*, 108 Iowa, 281.

The property is no more shielded in her hands under his management as agent than it would be if held by a stranger under like circumstances. It being conceded that the money paid for the land in controversy was exempt, and shown that he could do with it as he pleased, we know of no reason why the wife, through her purchase, did not derive a perfect title. That he might have given her the old homestead, or the proceeds of its sale, regardless of his purpose in so doing, has been held too often for reconsideration. *Delashmut v. Trau*, 44 Iowa, 613; *Officer v. Evans*, 48 Iowa, 557; *Griffin v. Sheley*, 55 Iowa, 513; *Addicken v. Humphal*, 56 Iowa, 365; *Aultman v. Heiney*, 59 Iowa, 654; and cases previously cited. *Jones v. Brandt*, 59 Iowa, 332, is in point. There Jones exchanged a homestead in East Des Moines, which was in his name, for one in West Des Moines and a separate lot, title to which was taken in the name of his wife. While she was given the lot in consideration of signing the deed, this circumstance was given no weight in the opinion. The decision that it was not subject to the debts of the husband, not a lien on

the homestead exchanged, was put on the broad ground that he had the right to dispose of exempt property so long as it continued exempt in utter disregard of the claims of his creditors. "The controlling facts in this case," says the court, "are that the title to the lot never was in the husband, and the conferring of title upon the wife placed the creditors in no worse condition than they were before.".

The judgment was correct and is AFFIRMED.