.BUTLER v. NELSON ET AL., *(and Seven Other Like Cases.)*

1. **Homestead**: EXEMPTION: FRAUDULENT CONVEYANCE AND RECONVEYANCE: CONTINUED POSSESSION. N. owned 120 acres of land, 40 acres of which was his homestead. After contracting debts, he conveyed the land to B. without consideration, his wife joining in the deed, for the purpose of defrauding his creditors. Afterwards B. reconveyed to N. by quitclaim, without consideration. N. had continued all the time to live on the homestead portion of the land. *Held*—

    (1) That the conveyance of the homestead to B. was no fraud upon the creditors, because they had no right to appropriate it.

    (2) That N. could not be heard to assert any right, as by a resulting trust, based on the fraudulent character of the conveyance to B.

    (3) That, under §§ 1930, 1934 of the Code, the deed to B. carried to him all the interest of the grantors, in the absence of any declaration of trust.

(4) That, under § 2014 of the Code, N.'s possession, after conveyance to B., must be presumed to have been a tenancy at will.

(5) That the reconveyance to N. must be regarded as a purchase by him after he had become indebted, and that therefore the homestead portion, as well as the other land, was holden for the debts contracted while the title was in B.

## Appeals from Page Circuit Court.

### TUESDAY, MARCH 15, 1887.

THE plaintiffs in the several actions are judgment creditors of the defendant H. N. Nelson, and they brought their actions in equity to subject certain real estate, the title to which was in defendant E. G. Bowman, to the satisfaction of their judgments. During the pendency of the actions Bowman conveyed the property to Nelson, who pleaded that a portion of it was his homestead, and was exempt from sale on execution for the satisfaction of plaintiffs' judgment. The circuit court adjudged that the portion claimed as a homestead was exempt as such, but entered judgment subjecting the balance to plaintiffs' judgments. Plaintiff appeals.

*L. B. Cake* and *W. W. Morsman*, for appellants.

*Smith McPherson* and *F. P. Greenlee*, for appellees.

REED, J.—The facts of the cases are not in dispute. The property in question is a farm of 120 acres. Nelson became the owner of the farm in 1879, and immediately entered into the possession and occupancy of the same. The dwelling-house and other buildings pertaining to the farm are all situated on one forty-acre tract, and that is the tract now claimed as a homestead. He subsequently contracted the debts which are evidenced by plaintiffs' judgments. In 1885, after the debts were contracted, he conveyed the farm to Bowman, his wife joining in the conveyance. Bowman paid no consideration for the conveyance, and it was made for the purpose of hindering and delaying the creditors of Nelson in the col-

lection of their debts. Nelson and his family continued in the possesssion and occupancy of the place until the reconveyance by Bowman, which was by quitclaim, and was made after these suits were instituted.

The question whether the property is exempt from judicial sale for the satisfaction of plaintiffs' judgments is to be determined from these facts. If it can be said that Nelson was divested of the property by the conveyance to Bowman, and reinvested with it by the conveyance from him, it would be very clear that it would not be exempt. In determining the question, the fact that the conveyance to Bowman was voluntary, and was made with a fraudulent intent, is not material; for, as the homestead was not subject to be appropriated for the satisfaction of the debts, the conveyance of that property was not fraudulent as to the creditors, whatever the intention of the parties in making the conveyance may have been. As the creditors could not have appropriated it for the satisfaction of their claim, they could not be defrauded by the conveyance. Hence it was not fraudulent.

Nor can Nelson be heard now to assert any right based on the fraudulent character of the conveyance. He would not be permitted, in a court of equity, to plead his own fraud as the basis of a right. If his claim that the property is exempt can be sustained, it must be upon the ground that he continued, notwithstanding the conveyance to Bowman, to be the owner of the property. As stated above, that conveyance was without consideration, but no trust could be held to result to the grantor from the fact merely that it was given without consideration. *Phillbrook v. Delano*, 29 Me., 410; *Graves v. Graves*, 29 N. H., 129; *Hutchinson v. Tindall*, 3 N. J. Eq., 357; *Movan v. Hays*, 1 Johns. Ch., 339. But, in addition to the fact that the conveyance to Bowman was without consideration, Nelson remained in possession until the reconveyance by Bowman, and that conveyance was also without consideration, and was a mere quitclaim.

Do these facts raise a presumption that Nelson continued

to be the actual·owner of the property while the title was in Bowman? We think not. Our Code contains the following provisions:

"Sec. 1930. Every conveyance of real estate passes all the interest of the grantor therein, unless a contrary intent can be reasonably inferred *from the terms used.*"

"Sec. 1934. Declarations or creations of trusts or powers in relation to real estate must be executed in the same manner as deeds of conveyance, but this provision does not apply to trusts resulting from the operation or construction of law."

As we have seen, no trust resulted to Nelson by reason of the fact that his conveyance to Bowman was without consideration, and no declaration of trust was executed. Under section 1930, that conveyance passed all the interest of the grantors in the property, and by the conveyance from him they reacquired it. Their possession of the farm after the conveyance to Bowman is presumed to have been under a tenancy at will. (Code, § 2014.) Nelson must be held to have acquired the property by the conveyance from Bowman, and it is not exempt. REVERSED