**In re Paul D. KAMPEN and Marcia Kampen, Debtors.**

**Bankruptcy No. X87–01348F.**

United States Bankruptcy Court,
N.D. Iowa.

Dec. 14, 1995.

David A. Sergeant, Trustee, Fort Dodge, Iowa.

Robert A. Dotson, Algona, Iowa, for Debtors.

John P. Roehrick, Des Moines, Iowa, for Priebes.

Mark S. Soldat, Algona, Iowa, for Farmers Trust & Savings Bank.

### ORDER RE: DEBTORS' MOTION TO ENJOIN SHERIFF'S SALES

### ORDER RE: CREDITORS' MOTION FOR RELIEF FROM STAY

WILLIAM L. EDMONDS, Chief Judge.

The matter before the court is a request by Paul and Marcia Kampen that the court enjoin two sheriff's sales scheduled for December 18, 1995, in Humboldt County. The sales were requested by Berl and Madelyn Priebe, who have obtained special and general executions against real property now vested in the Kampens. Kampens contend that the property is unadministered property of their bankruptcy estate and that the sales should be enjoined so that their homestead rights and creditors' rights in the property may be determined. Priebes resist the motion arguing that the Kampens are not entitled to any relief, that there is no stay preventing the sales, but alternatively, if there is, they should have relief to permit the sales to proceed.

Kampens filed a motion to reopen their case for the purposes of the injunction and

the administration of the real estate. The motion to reopen was granted December 6, 1995, the date of the motion. Kampens requested an expedited telephonic hearing on the request for relief. The court scheduled telephonic hearing for December 12, 1995. Because of the expedited nature of the hearing, the parties offered no witnesses, and the plaintiff did not offer any exhibits. Priebes filed a written resistance combined with a motion for relief from stay on December 11, 1995. Attached were six exhibits labeled "A" through "F." The court will consider these in its ruling.

As Kampens seek an injunction, the Federal Rules of Bankruptcy Procedure require the filing of an adversary complaint. Fed. R.Bankr.P. 7001(7). Moreover, to the extent the Kampens' request might be considered a request for a temporary restraining order under Fed.R.Bankr.P. 7065, it is unsupported by affidavit or verified complaint. Fed. R.Bankr.P. 7065(b). Nonetheless, Priebes have not raised such issues.

The court's determination as to whether the sales are stayed turns on whether the real estate is property of Kampens' chapter 7 estate. If it is, then it is protected by the automatic stay of 11 U.S.C. § 362(a), as an asset not yet administered by the trustee. The appropriate party ought to be able to prevent a stay violation by motion seeking either a show cause order for contempt or relief under 11 U.S.C. § 362(h). Priebes have not addressed whether Kampens are appropriate parties. It may be that the trustee is the real party-in-interest in seeking relief for violation of the automatic stay. The trustee, David A. Sergeant, took part in the hearing, and he asks for such protection as to which the estate may be entitled.

The following appearances were made: Robert A. Dotson, Esq. for Paul and Marcia Kampen; John P. Roehrick, Esq. for Berl and Madelyn Priebe; Mark S. Soldat, Esq. for Farmers Trust and Savings Bank; and David A. Sergeant, Esq. as trustee in the case of Paul and Marcia Kampen.

As mentioned, no exhibits were offered by Kampens. Priebes attached exhibits to their resistance and motion which the court will consider. All parties were hampered by lack of time to prepare for the hearing and lack of documents from the Kampens' bankruptcy case file which were in storage outside of the clerk's actual possession. The court's findings will be based on representations of counsel and judicial notice as to filing dates taken from the Kampens' bankruptcy file which became available to the court on December 13, 1995.

### Findings

Paul and Marcia Kampen filed a joint petition under chapter 11 on June 9, 1987. The case was converted to chapter 7 on July 13, 1987. Joseph F. Flattery was appointed trustee. In March 1988, Flattery resigned and was replaced by Michael C. Dunbar. The schedules filed by Kampens showed no real estate, and thus none was claimed exempt.

On or about July 19, 1985, Kampens conveyed approximately 560 acres of farmland to a corporation named Kampen Farms, Inc. (KAMPEN FARMS). The conveyance included 160 acres legally described as the Southeast Quarter (SE-¼) of Section Thirty (30), Township Ninety-two (92) North, Range Twenty-eight (28), West of the 5th P.M., Humboldt County, Iowa (hereafter "the property"). Kampens lived on the property and continued to do so after the conveyance. The stock of the corporation was owned by Kampens. Kampens scheduled the stock as having "0" value (Schedules, B–2–t). The following persons were included in the schedule of unsecured creditors: L.D. and Harriet Bothne, Berle (sic) Priebe, and Farmers Trust and Savings Bank.

On June 9, 1987, Kampen Farms, Inc. filed a voluntary chapter 12 petition. The Kampens' shares in Kampen Farms, Inc. were sold at public auction by trustee Dunbar on July 19, 1988. The shares were purchased by Brett, Jeff, Joel and Chad Kampen for $500.00. Kampen Farms, Inc. obtained confirmation of a chapter 12 plan and upon completion of payments under the plan, obtained discharge in April 1989. Final decree entered in the corporate case in May 1989.

One of Kampens' creditors was The Travelers Insurance Company which held a first

mortgage on the property at the time of the conveyance. Travelers obtained a decree of foreclosure against the property in April 1987, but it was unable to execute because of the filing of the Kampen Farms bankruptcy. The chapter 12 plan of Kampen Farms provided for the claim of The Travelers. The plan apparently promised to pay The Travelers over time. The final payment has allegedly come due and is delinquent. Priebes took an assignment of The Travelers' claim and security interest, and following default, sought and obtained special execution. Sheriff's sale on the special execution is scheduled for December 18, 1995, as the first sale.

Another of Kampens' creditors was Farmers Trust and Savings Bank. The Bank had sued Kampens and others, including Priebes, as co-obligors on a promissory note in Kossuth County District Court. According to Kampens' Statement of Affairs, summary judgment had entered in favor of the Bank in July 1986. Co-obligors had apparently paid at least some of the judgment. In Kampens' bankruptcy, Priebes and some or all of the other co-obligors filed an adversary complaint which sought a determination that their claim for contribution was nondischargeable because of fraud.

The court is told that it approved a settlement of the adversary proceeding and that upon the approval, the adversary was dismissed without any judgment being entered. Attorney Roehrick represents to the court that it was agreed by the plaintiffs and Kampens that the contribution claim against Kampens was nondischargeable to the extent of $180,000.00, and that if Kampens did not pay that amount, the plaintiffs could enforce the judgment entered in the state court in favor of Bank. The Kampens allegedly failed to pay according to the settlement, and Priebes obtained transcription of Bank's judgment to Humboldt County and general execution against the property. It will be sold at sheriff's sale after the sale on special execution on the mortgage transferred by The Travelers to Priebes. Kampens question Priebes' right to obtain transcription and execution on the Bank's judgment without obtaining separate judgment on the agreement regarding contribution. The court

questions such procedure also. Attorney Roehrick represents to the court that Kampens, acting pro se, resisted the execution in state court and lost. The court will deal with its view of the relevance of Priebes' questionable procedure hereafter.

The trustee in the Kampens' chapter 7 case could not proceed against Kampen Farms to avoid the transfer of the property from Kampens under 11 U.S.C. § 548(a), even if actually or constructively fraudulent, because it took place more than one year prior to the filing of Kampens' chapter 11 petition. 11 U.S.C. § 548(a). However, the chapter 7 trustee could have proceeded under 11 U.S.C. § 544(b) to avoid the transfer if it were fraudulent under state law as to an unsecured creditor holding an allowable claim. The deadline for the trustee to seek such avoidance was the earlier of two years after the appointment of the first trustee or the time the case was closed. 11 U.S.C. § 546(a) [1987]. Neither trustee in the Kampens' case attempted to avoid the transfer of the property to Kampen Farms. Kampens allege in their motion that at the time of the transfer, because of encumbrances, there was no equity in the property (Motion, ¶ 3(b)(iii)). Priebes deny the allegation, at least it appears so, although the denial in the resistance may be directed not to Kampens' equity at the time of the transfer but to whether the Small Business Administration held a mortgage on the property. If the property was fully encumbered at the time of the filing of Kampens' bankruptcy, the trustees would have had no incentive for avoiding the transfer to Kampen Farms. Kampens obtained their discharge in chapter 7 in October 1990. The case was closed by Final Decree filed July 27, 1992.

After Kampens failed to pay Priebes and their other obligees on the nondischargeable claim for contribution, Priebes, Carl and Ardis Day, and L.D. and Harriet Bothne filed an action against Kampen Farms in the Iowa District Court for Humboldt County to set aside the 1985 conveyance of the property from Kampens to Kampen Farms. The action was filed in June 1993. The state court, the Honorable Allan L. Goode presiding, overruled defenses of standing, statute of

limitations and laches, and concluded that Kampens' conveyance of the property to Kampen Farms was actually fraudulent. His order was filed October 24, 1995, and its decretal portion stated:

IT IS ORDERED that legal title to the following described real estate:

Northwest Quarter (NW–¼) of Section Twenty–Five, Township 92 North, Range 29 West; The Southeast Quarter (SE–¼) of Section 30, Township 92 North, Range 28 West; and the Southwest Quarter (SW–¼) and the West one-half (W–½) of the Southeast Quarter (W–½/SE–¼) (sic) of Section Thirteen (13), Township 92 North, Range 29, all west of the 5th P.M., Humboldt County, Iowa,

is hereby divested from Defendant Kampen Farms, Inc., and reinstated and vested in Paul Kampen and Marcia Kampen, Husband and Wife....

(Resistance, Exhibit D, p. 27).

Kampen Farms filed a motion under I.R.Civ.P. 179(b) for enlargement of findings so that Kampen Farms might have resolved questions relating to the effect of the decision on (1) liens and judgments, (2) the Kampens' bankruptcy, (3) further jurisdiction of the state court versus the bankruptcy court, and (4) other creditors of Kampens. (Motion, ¶ 1). The state court declined to enlarge or amend its findings or conclusions. (Motion, ¶ m).

Sheriff's sales were scheduled for December 18, 1995 on the special execution on the foreclosure of Priebes' mortgage assigned them by The Travelers and on the general execution arising from the judgment against Kampens obtained by the Farmers Trust and Savings Bank in conjunction with the settlement agreement on the Priebes' nondischargeable claim against Kampens.

Kampens ask that the sales be enjoined contending that unless they are, the Kampens' right to elect homestead and other creditors' rights to the proceeds of the property will be irreparably damaged (Motion, ¶ s). Kampens allege that since the transfer, payments by Kampen Farms to secured creditors have created equity in the property which did not exist at the time of the transfer or presumably at the time of the Kampens' bankruptcy filing.

I should point out that the motion actually refers only to enjoining the special execution sale resulting from the mortgage foreclosure, but the oral presentations on the motion and resistance revealed the Priebes' general execution sale of the same property for the same day. Kampens ask that that sale also be stayed.

Priebes resist the motion stating that the special execution follows the foreclosure of a valid first mortgage and that there is no relief that can be afforded the Kampens to prevent the sale. Priebes deny that there is any stay in effect, but if there is, they ask that the stay be modified to permit their sale of the property. The resistance does not mention the general execution sale, but Priebes ask orally that that sale be permitted also.

Kampens contend that they have financing to pay off Priebes and The Travelers note, but that the lender demands a first mortgage and that the title is clouded by other claims, particularly Priebes' claim under the settlement agreement/general execution. Kampens contend further that Priebes are using the latter to prevent payoff to them of The Travelers note so that they can obtain the property through the sale.

*Discussion and Conclusions*

The critical issue in this matter is whether upon the entry of Judge Goode's state court decree the property became part of Kampens' chapter 7 bankruptcy estate. If it did, then it is protected from execution by 11 U.S.C. §§ 362(a)(2) and/or (4) which prohibit any entity from enforcing against property of the estate a judgment obtained before the commencement of the case (11 U.S.C. § 362(a)(2)) and from taking any action to create, perfect or enforce a lien against property of the estate (11 U.S.C. § 362(a)(4)).

Kampens have not contended that Priebes were prohibited from bringing the fraudulent conveyance claim in state court under state law. That issue has never been decided by this court, but there is support for the proposition that when a bankruptcy case closes

without the trustee having pursued a state law claim under 11 U.S.C. § 544(b), the right to pursue that claim "reposes once again in whomever is able to assert it." *City National Bank v. Chabot (In re Chabot),* 100 B.R. 18, 23 (Bankr.C.D.Cal.1989), *aff'd,* 131 B.R. 720 (C.D.Cal.1991) (affirming other issues), *aff'd,* 992 F.2d 891 (9th Cir.1993).

Priebes and their co-plaintiffs brought the fraudulent conveyance action as creditors of Kampens holding nondischargeable claims. As stated, the crux of the dispute is whether their success brings the property into Kampens' chapter 7 estate as an as yet unadministered asset or whether the property revests in them as after-acquired property. Kampens contend it comes back into the estate, because the effect of the decree is to annul the transfer, to treat it as if it never took place, revesting the title as of the date of the transfer. Kampens cite no authority in support of this proposition. Priebes cite *Butler v. Nelson,* 72 Iowa 732, 32 N.W. 399 (1887), but I find this case to be inapposite on that point.

■ It is certainly within an Iowa state court's arsenal of remedies if it finds a fraudulent conveyance to set the conveyance aside and to restore title to the transferor, *Farber v. Ritchie,* 212 Iowa 1396, 238 N.W. 436 (1931), although this is not the only remedy available or an invariably necessary one. *Hoskins v. Johnston,* 205 Iowa 1333, 219 N.W. 541, 544 (1928). Judge Goode's remedy in Priebes' case was to divest Kampen Farms of title and revest it in Kampens. But he does not say when such revesting took effect. Had he intended that title revested retroactively to 1985, the date of the fraudulent conveyance, I expect he would have expressly so stated. He did not. Kampens have cited no authority under Iowa law that holds to the contrary. The court having found none in the short time available, I choose not to expand Judge Goode's ruling to effectuate the revestment any sooner than the date of the decree.

I conclude, therefore, that the effect of the decree is to revest title after the filing and closing dates of the Kampens' case. The property is, therefore, after-acquired and not property of the estate subject to protection of the stay.

■ Kampens contend that unless the court enjoins the sale, presumably pending a determination of rights and priorities, their right to elect a homestead in at least part of the 160 acres will be irreparably harmed. I cannot see how this is so. Had the trustee in the chapter 7 case sought to avoid the transfer under state law using 11 U.S.C. § 544(b), and had he subsequently recovered the property from Kampen Farms, Kampens could not have claimed it as exempt. This is because their transfer of the property was voluntary. 11 U.S.C. § 522(g)(1)(A). The property would have been liquidated and the proceeds disbursed under the Bankruptcy Code. I am hard pressed to see how, even if the property would have been property of the estate, the Kampens should be better off because Priebes and others, not the trustee, obtained the setting aside of the conveyance. As after-acquired property, Kampens may still make a claim of exemption in state court, but if I am correct that title revested in Kampens in October 1995, the nondischargeable claims of Priebes are antecedent debts from which Kampens may not claim an exemption under state law. Iowa Code § 561.21(1); *Butler v. Nelson,* 72 Iowa 732, 32 N.W. 399 (1887). Nor can they claim an exemption from execution of the foreclosure decree, as a homestead may be mortgaged. Iowa Code § 561.13. Furthermore, it is only property exempted through bankruptcy that is protected from nondischargeable claims. 11 U.S.C. § 522(c).

To the extent that there is harm from the sale, it would not be to Kampens' homestead rights but to unsecured creditors. But it is difficult to see how unsecured creditors are improperly prejudiced. If, as Kampens allege, they had no equity in the property, the unsecured creditors are in no worse position than they were at the date of filing had the trustee recovered the property fully encumbered by liens. If there was equity at the time of the transfer, it was lost to the unsecured creditors by the trustee's failure to recover the property. The harm is, therefore, not from Priebes' general execution sale, but from the failure of the estate to

avoid the transfer, preserve it and recover the property for the estate. 11 U.S.C. §§ 544(b), 551, 550(a).

It might be argued that if equity value is created after the bankruptcy, the Priebes have no more of a claim to it than Kampens' other pre-petition creditors and that returning the property to the estate will foster an equitable distribution among all creditors. But there is an important difference between other pre-petition creditors and Priebes. Priebes' claim was agreed to be nondischargeable; others were apparently not. Moreover, Priebes have obtained the reversal of the fraudulent conveyance; other pre-petition creditors did not.

Even if the court is incorrect in its findings or conclusions, it is unlikely that the harm is irreparable. I cannot conclude that Kampens are entitled to the relief requested. The sheriff's sales may proceed on December 18, 1995. But I do not consider that the trustee is bound by this decision. He was only recently appointed in the reopened case. He did not file the motion to enjoin. He had little or no time to investigate or prepare. But if the trustee decides that there is a valid claim that the property is now unadministered property of the estate, there is no reason why he cannot bring an appropriate action, whether adversary proceeding or contested matter proceeding, to avoid the sheriff's sale or sales as violative of 11 U.S.C. § 362. Actions in violation of the stay are voidable. He is not prejudiced by Kampens' unsuccessful attempt to obtain an order enjoining the sales.

Moreover, if Kampens, on further legal study and factual investigation, determine that either sale is voidable, they also can file the appropriate motion or complaint to avoid it. Kampen Farms, Inc. may file an action in its bankruptcy case to protect itself or its property rights to the extent it still has any right to protection. The Kampens may proceed in state court to attack the sales or to assert homestead rights. State court may indeed be the appropriate place for Kampens to challenge the methodology Priebes used to obtain general execution. Because I do not consider, on Kampens' motion, that the property is property of the estate, I do not need to reach the correctness of the Priebes' general execution.

Kampens argue that what will be lost now will be the opportunity to borrow from the proposed lender, a bank in Britt, for the purpose of paying off the loan assigned by The Travelers to Priebes. But if Kampens were correct that the property is property of the estate, Kampens could not give a mortgage loan on the property to pay off the first mortgage. That would be the trustee's right. He has no commitment from the bank, and it is unlikely he would want one. If the property is property of the estate, with equity beneficial for the estate, he would sell it and pay off the mortgage. He would not likely be motivated to borrow money to pay off the first mortgage. Loss of the proposed lender is not likely a harm to the estate.

In summary, I find that I have no jurisdiction over the property and that Kampens' motion for an injunction should be denied. However, the case shall remain open to permit the trustee to file any action he deems appropriate and to permit the Kampens to file further proceedings as they may desire. Accordingly,

IT IS ORDERED that the resistance to the motion to reopen is overruled.

IT IS FURTHER ORDERED that the motion of Berl and Madelyn Priebe for relief from the stay is denied as unnecessary.

IT IS FURTHER ORDERED that the motion of Paul and Marcia Kampen seeking an order enjoining the sheriff's sales scheduled for December 18, 1995 is denied. Judgment shall enter accordingly.

SO ORDERED.