101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In re Braniff International Airlines, Inc., Debtor.
CROSSLAND FEDERAL SAVINGS BANK, as assignee of the claims of
CPF Premium Funding, Inc., Appellant,
v.
BRANIFF INTERNATIONAL AIRLINES, INC., Debtor-Appellee.
 No. 95-5074.
 United States Court of Appeals, Second Circuit.
 June 12, 1996.
 
 APPEARING FOR APPELLANT:D. BRUCE KRATZ, Nixon, Hargrave, Devans & Doyle, New York, NY.
 APPEARING FOR APPELLEE:DAVID W. WILTENBURG, Hughes Hubbard & Reed, New York, NY.
 E.D.N.Y.
 AFFIRMED.
 Before Feinberg, Jacobs and Cabranes, Circuit Judges.
 
 
 1
 In several postpetition transactions, CPF Premium Funding (now Crossland) lent Braniff approximately $1 million to cover Braniff's airplane insurance premiums. As part of the loan agreements, Braniff purported to grant Crossland a security interest in any unearned premiums that might remain if its insurance policies were canceled early. These secured loans were not submitted to the bankruptcy court for approval. Braniff still owes Crossland approximately $400,000 on the loans.
 
 
 2
 In a subsequent application to the bankruptcy court, Braniff claimed that the security interest was invalid because it and the underlying loan were not approved by the bankruptcy court, as required by 11 U.S.C. § 364(c)(2). Crossland claimed that (i) the unearned premiums were never part of Braniff's estate and that therefore the security interest was not a proper subject of bankruptcy court proceedings, and (ii) even if the premiums were part of Braniff's estate and even if the security interest required court approval, the security interest should be approved nunc pro tunc. Bankruptcy Judge Melanie Cyganowski rejected both of Crossland's arguments and concluded that the security interest was invalid under 11 U.S.C. § 364(c)(2). In re Braniff Int'l Airlines, Inc., 164 B.R. 820 (Bankr.E.D.N.Y.1994). The district court, without opinion, affirmed the bankruptcy court's order and judgment, and Crossland took this appeal.
 
 
 3
 Crossland raises the same two arguments on appeal. We reject them for the reasons stated by the bankruptcy court in its thorough and well-reasoned opinion. See id. at 825-31.
 
 
 4
 Crossland raises a third argument on appeal that we decline to address. It asserts that once its security interest is declared invalid, its loan to Braniff becomes a simple unsecured extension of credit. According to Crossland, Braniff borrowed the money "in the ordinary course of business," and its claim is therefore entitled to priority as an allowable administrative expense under 11 U.S.C. § 364(a). Braniff claims that this issue was not presented (and Crossland's argument therefore not made) to the bankruptcy or district courts, and that it is therefore not properly before us. The bankruptcy court did discuss § 364(a) briefly, but only in the context of whether that subsection could be used to validate Crossland's security interest:
 
 
 5
 Section 364(a) on its face refers only to extensions of unsecured credit. Crossland, having failed to obtain court approval of its agreements under Section 364(c), cannot "fall back" on Section 364(a).
 
 
 6
 Id. at 830-31. Crossland is evidently concerned that this statement could be cited by Braniff as law of the case as to Crossland's claim for an administrative preference. Braniff makes no such contention for this passage, and we do not read this passage as dispositive. Nothing in this quoted passage indicates whether the loan was actually made "in the ordinary course of business"; whether Crossland's secured loan, when stripped of its security interest after the fact, can be validly declared an unsecured loan under § 364(a); or whether an affirmative answer to both of these questions automatically means that Crossland's loan is an allowable administrative expense under 11 U.S.C. § 503(b)(1). Since the bankruptcy court did not decide this issue (and since Braniff has indicated that it may not oppose Crossland on this issue), we take no position on it. If this issue is contested in the bankruptcy court, that court may then decide the issue in the first instance.
 
 
 7
 The order of the district court is affirmed.