In re Steven D. DeARAKIE, Debtor.

Ian J. GAZES, Chapter 7 Trustee for the
Estate of Steven D. DeArakie,
Plaintiff,

v.

Steven D. DeARAKIE, Defendant.

Bankruptcy No. 90 B 10749 (TLB).
Adversary No. 96 8541A.

United States Bankruptcy Court,
S.D. New York.

Aug. 22, 1996.

Ian J. Gazes and Gregg M. Zipes, New York City, for Trustee.

Rosenman & Colin, L.L.P. by David J. Mark, New York City, for Debtor.

## DECISION

### TINA L. BROZMAN, Chief Judge.

Steven D. DeArakie moves pursuant to section 105 for an order enjoining the trustee of his estate from selling DeArakie's New York apartment, which he was awarded (subject to a claim of his former wife) pursuant to a judgment of divorce entered after DeArakie had filed a bankruptcy petition. DeArakie has appealed that judgment but, instead of seeking a stay from the state court, has asked that I prohibit a sale until his pending appeal is adjudicated. Alternatively, DeArakie asks that I grant him the New York apartment in lieu of the exemption he claimed for real property in Florida ("the Florida property") which the trustee sold some four years ago.

The trustee objects to the stay contending, among other things, that the request is procedurally improper, not having been made within the context of an adversary proceeding. On the merits, he postulates that DeArakie has not met his burden of proof for the issuance of an injunction. With respect to the alternative relief, the trustee argues that the very request is not only unwarranted, but sanctionable.

With the consent of the parties, I consolidated this contested matter, on which I took testimony, with an adversary proceeding in which the trustee, among other things, challenges the claimed exemption of the Florida property.

## I.

### A. Background

DeArakie began his sojourn in this court as a chapter 11 debtor, but his case was converted to a chapter 7 liquidation on July 18, 1991, not long after which Ian Gazes was appointed as the trustee. While the case was still in the reorganization phase, I lifted the automatic stay to permit the continuation of DeArakie's action for a divorce and equitable distribution. After trial, Justice Phyllis Gangel–Jacob ordered the marriage dissolved and the marital property distributed. She awarded the debtor sole ownership, title, and occupancy of the cooperative apartment 5A/6A at 4 East 70th Street, New York, New York ("the Apartment"), subject to a "secured" money judgment and claim in the amount of $521,500 in favor of his ex-wife. (Judgment of Divorce ¶ 1 at 30).

### B. The Facts

Among the three real estate properties owned by the debtor at the time he filed his bankruptcy petition was his "winter retreat," a house located at 1556 Ocean Blvd, Palm Beach, Florida. In his Schedule B–4, DeArakie listed this Florida property as an exempt homestead, notwithstanding that, on his petition, he swore that his principal residence for the 180 days prior to the filing of the petition was in New York, rather than in Florida. The schedule indicates in its entirety:

| Type of Property | Location, description and so far as relevant to the claim of exemption, present use of property | Specify statute creating the exemption | Value claimed as exempt ($) |
|---|---|---|---|
| NY Residence | 4 E. 70 St. New York, NY 10021 | New York Homestead Exemption CPLR 5206 | 10,000 |
| NY Motor Vehicle | Ford Thunderbird | Debtor and Creditor Law, 282 | 2,000 |
| NY Security Deposit | Landlord, 4 E. 70 St. | CPLR Section 5205 | 4,000 |
| Florida Residence | 1556 North Ocean Blvd. Palm Beach, FL 33480 | Florida Statutes sec. 222.05 Constitution 10–4 (Unlimited Value) | 650,000 |
| | | Total | 666,000 |

Although he could only have been entitled to a homestead exemption in one state, as the chart shows, DeArakie claimed as exempt his residences in two states. Because the total property claimed as exempt is $666,000, which includes the value attributed to the exemption in both homes, it cannot seriously be contended that DeArakie was claiming as exempt one or the other of them. Without doubt, DeArakie's claim of exemption to the Florida property was both legally and factually improper. Yet it was not until DeArakie filed this motion, in essence pressing his Florida exemption, that the trustee filed a formal objection to it. Whether that objection is timely is at the heart of this motion.

DeArakie contends that the trustee simply ignored his Florida exemption, which, he says, became vested by the trustee's failure to timely object to it. Despite the claim of exemption covering DeArakie's entire interest in the Florida house, the argument runs, the trustee simply sold the house, in derogation of DeArakie's vested right.

An objection to an exemption, to be timely, must be filed by the trustee (or any creditor) within 30 days after the conclusion of the meeting of creditors held pursuant to Bankruptcy Rule 2003(a) (that meeting dubbed the "341(a) meeting" in shorthand reference to section 341(a) of the Bankruptcy Code, which is implemented by Rule 2003(a)).

DeArakie claims that the 341(a) meeting was concluded; the trustee, that it was not.

The 341(a) meeting was first scheduled for October 9, 1991. When DeArakie failed to appear, the trustee adjourned the meeting to November 11, 1991. (Trustee Ex. "B," Trustee's Calendar of § 341 Hearings). In succeeding months, the trustee further adjourned the 341(a) meetings for about a month at a time because DeArakie continually failed to appear. For example, the scheduled meeting of February 13, 1992, for which DeArakie again did not appear, was adjourned to March 17, 1992. At each of these instances except the last, which occurred on April 20, 1992, the 341(a) meeting was adjourned to a particular date and time. It is not clear what transpired on April 20 (other than that DeArakie was not present), but the records of the United States Trustee do not reflect that that meeting was adjourned to any particular date. It is uncontested, however, that no further meeting was held.

During his testimony, DeArakie asserted that he had attended the initial 341(a) meeting in October 1991 and at least one other meeting in the spring of 1992. On cross-examination, however, he admitted that he does not understand the difference between a 341(a) meeting and any other meeting at-

tended by himself, the trustee and one or more of his creditors. What emerged is that DeArakie had had some negotiations with the trustee and interested creditors regarding a possible settlement. In any event, DeArakie's memory of attending 341(a) meetings was faulty—he "assumed" the date of the meeting in October 1991 was the meeting he attended and he could not say even where it was conducted. The trustee's contemporaneous records reflecting DeArakie's failure to appear coupled with DeArakie's silence in the face of a contempt motion charging that he had not attended any 341(a) meetings far more persuasively demonstrate the truth of the trustee's version of the facts.[1]

Shortly before the initially-scheduled 341(a) meeting, the trustee decided to auction the Florida property, despite the fact that he had not yet challenged the Florida exemption. DeArakie objected, stating in his affidavit that "other creditors will be harmed by a fire sale, when a private sale will bring a higher price," *id.* at 3 ¶ 6, and that a private sale would provide a better opportunity "to maximize the greatest return for the creditors," *id.* at 4 ¶ 10. *See* Objection by Debtor to Trustee's Motion for Authorization for Public Auction (filed Sept. 25, 1991). DeArakie also obtained his own appraisal of the property, dated September 25, 1991, which he docketed with the court on October 4, 1991. Perhaps the trustee was persuaded by DeArakie; but, in any event, he abandoned his proposed sale by auction and months later proceeded with a private sale of the Florida property. DeArakie objected on three bases: (i) that a written contract was necessary before the bankruptcy court could authorize the sale; (ii) that the sale price was inadequate; and (iii) that the trustee failed to account for valuable personalty in the house, which was also to be sold. *See* Ex. "A," Objection to Chapter 7 Trustee's Proposed Sale (filed March 2, 1992); Debtor's Aff. in Opp'n to Trustee's Proposed Sale (filed March 3, 1992). In this objection, counsel for

DeArakie acknowledged that "the debtor is in favor of a sale," but only at a fair price. *See* Ex. "A," Morrison Aff. in Opp'n at 1, (sworn to Feb. 6, 1992). The objection stated that because the sale price was inadequate, "the real losers are the Creditors of this estate who are not getting the highest value for this property." Objection to Chapter 7 Trustee's Proposed Sale (filed March 2, 1992) at 5.

Not once, however, did DeArakie raise his purported homestead exemption as a reason why the sale should not be consummated. On March 3, 1992, I approved the sale. Significantly, at this point in time, the 341(a) meetings were still being adjourned to dates certain because DeArakie had not appeared for his examination. After the Florida property was sold, the trustee sought and obtained an order of this court authorizing him to distribute its proceeds to the secured parties. The debtor neither objected to the entry of the distribution order nor asserted any claims to the remaining balance. It was not until April 3, 1996, when he filed this motion seeking to stay the sale of the Apartment that he first asserted that his claimed exemption was an impediment to the earlier sale of the Florida property.

On May 1, 1996 the trustee opposed DeArakie's motion and on May 3, filed an adversary proceeding to object to the debtor's Florida homestead exemption. It is that adversary proceeding which I have consolidated with this motion.

## II.

### A. The Request to Foreclose a Sale Until the State–Court Appeal is Determined

█ Because, by its own terms, the debtor's motion requests that I invoke my equity powers pursuant to 11 U.S.C. § 105(a) to enjoin the trustee from selling property, an adversary proceeding is required by Federal Rule of Bankruptcy Procedure 7001(7). *Hood v. Williams (In re Hood)*, 92 B.R. 648,

---

1. DeArakie not only failed to attend 341(a) meetings, but in much the same vein failed to deliver to the trustee financial information which was necessary to administer his estate. Indeed, on October 28, 1991, I signed an order directing DeArakie to turn over to the trustee certain documentation including tax returns, insurance policies, and the like. (Trustee Ex. "C"). When DeArakie did not fulfill his obligations under my order, the trustee was compelled to move for an order of civil contempt to enforce the earlier order.

648 (Bankr.E.D.Va.), *aff'd,* 92 B.R. 656 (E.D.Va.1988); *see also In re Kampen,* 190 B.R. 99, 101 (Bankr.N.D.Iowa 1995). This is not an instance where, pursuant to Fed. R.Bankr.P. 8005, I may simply grant a motion for a stay pending appeal, for the rule applies only to an appeal from an order of the bankruptcy judge, which this is not. Even were I inclined to consider injunctive relief, DeArakie has not met the burden of proof demanded before such relief issues. DeArakie's request to stay the sale of his residence while the state court appeal is pending is therefore denied without prejudice as procedurally improper.[2]

*B. The Request to Swap the Apartment for the Proceeds of the Florida Property*

■ Armed with the potent ammunition of *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), which awarded to a debtor property as to which there was no colorable basis for exemption because the trustee had failed to timely challenge the claimed exemption, DeArakie contends that he is entitled to "swap" the Apartment for the proceeds of the Florida property.

■ Before I turn to the merits, however, I need to dispose of a procedural obstacle. Like the request for injunctive relief, this request for what is, in essence, an equitable award of the Apartment is properly considered only in the context of an adversary proceeding. *See* Fed.R.Bankr.P. 7001(2). However, because the trustee has already commenced an adversary proceeding to deny DeArakie his exemption and because the parties have acquiesced in trying the matter in the context of this motion, stipulating to certain facts, calling witnesses and briefing the issues, it would be a colossal waste of time to deny this motion on procedural grounds, only to have the issues resurface in the adversary proceeding. Accordingly, I have consolidated this motion with the adversary proceeding and will decide the matter on its merits. *Cf. In re Braniff Int'l Airlines, Inc.,* 164 B.R. 820, 831 (Bankr.E.D.N.Y.1994) (deciding validity of lien within context of motion), *aff'd*

*without citation or opinion,* (E.D.N.Y.), *aff'd,* No. 95–5074, 1996 WL 313889 (2d Cir. June 12, 1996); *see also In re Keene Corp.,* 188 B.R. 881, 887 n. 2 (Bankr.S.D.N.Y.1995). *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095 (2d Cir.1993), does not compel a different result. The Second Circuit held that it was error for the bankruptcy court to decide a disputed *non-core* contractual issue within the context of a motion to assume where the defendant in the adversary proceeding had reserved its rights to a jury trial. There, the bankruptcy court struck the defendant's demand for a jury trial in the adversary proceeding, deeming it unwarranted, for the court planned to address the disputed issues within the context of the motion where no jury trial right was implicated. The Second Circuit reversed. However, here, no Seventh Amendment rights are implicated and the issue of whether a debtor is entitled to an exemption is plainly a core matter. 28 U.S.C. § 157(b)(2)(B).

That obstacle surmounted, I turn to the substance of the motion. An exception to the strict rule of *Taylor* has been recognized by some courts where the debtor's schedules are ambiguous, allowing the court to construe those ambiguities against the debtor. *See, e.g., In re DeSoto,* 181 B.R. 704 (Bankr. D.Conn.1995). The trustee seizes on this to argue that because DeArakie impermissibly sought to exempt two homesteads, the schedules are ambiguous. Therefore, the argument flows, I should construe the schedules against DeArakie and grant him only the $10,000 New York exemption to which he would otherwise be entitled. The flaw in the argument is in its premise: there is no ambiguity in the schedules. DeArakie clearly listed both properties as exempt, his asserted authority therefor, the values which he attributed to the exempt properties, and his contention that the Florida exemption was of "unlimited value." He also calculated the aggregate value of the property described as exempt, including in that amount both claimed homestead exemptions. This clarified any ambiguity which may otherwise have

---

**2.** Inasmuch as the trustee has now moved by order to show cause to sell the Apartment, DeA-

rakie may argue in opposition to that motion why a sale at this time should not be approved.

permitted the trustee to wonder whether DeArakie was intending to exempt one or both of his properties or claim entitlement to one or two homestead exemptions. The cases cited by the trustee do not aid him, for they deal with ambiguities in valuation which are not present in DeArakie's schedules.

Because there is no ambiguity in the exemptions claimed, I must determine whether DeArakie is correct in his assertion that the Florida property could not be used to satisfy his unsecured creditors. Bankruptcy Rule 4003(b) provides that the thirty-day period within which to object to a claim of exemption begins to run after the *conclusion* of the 341(a) meeting. *In re de Kleinman*, 172 B.R. 764, 770 (Bankr.S.D.N.Y.1994) (citing other instances where Congress demonstrated intent to provide that certain actions be taken with reference to the "first date" set for the meeting called pursuant to section 341 of the Code). Moreover, Bankruptcy Rule 2003(e) recognizes that the creditor's meeting cannot always be completed in one session, providing that "the meeting may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice."

Whether the trustee may adjourn the 341(a) meeting indefinitely, that is, without date, is a question open to great debate. Some courts reason that permitting this practice would defeat *Taylor v. Freeland & Kronz*; others, that the practice is permissible; and yet others, that there is no *per se* rule, so that the courts are free to use a case-specific, fact-based approach to determine whether the trustee has abused his or her authority. *Compare Bernard v. Coyne (In re Bernard)*, 40 F.3d 1028, 1031 (9th Cir. 1994) (trustee has the right to continue the creditor's meeting if he reasonably believes that the purposes of the § 341 meeting have not been filled), *cert. denied*, —— U.S. ——, 115 S.Ct. 1695, 131 L.Ed.2d 559 (1995); *Petit v. Fessenden*, 182 B.R. 59, 62–63 & n. 4 (same), *aff'd on other grounds*, 80 F.3d 29 (1st Cir.1996); *with In re Levitt*, 137 B.R. 881 (Bankr.D.Mass.1992) (if trustee does not set the adjourned date within thirty days of last § 341 meeting, then meeting is automatically deemed concluded). There is no need to add my voice to the cacophony, however, for when the trustee sold the Florida property by private sale, his time to object to DeArakie's exemption subsisted. Had DeArakie not lulled the trustee into believing that he could sell the property for the benefit of DeArakie's creditors, the trustee could have formally objected to the claimed exemption.

■ The trustee repeatedly adjourned the meeting and rescheduled it until April 20, 1992, because DeArakie had failed to appear and be examined. It was in early March that the trustee sold the Florida property, well before he adjourned the 341(a) meeting without date. "A debtor's failure to show up for a scheduled 341(a) meeting, even if it is fully excused, will require a rescheduling of the meeting so the trustee can complete the examination. This automatically extends the time for creditors to object." *In re Bernard*, 40 F.3d at 1030 n. 1; *cf. Petit v. Fessenden*, 80 F.3d 29 (1st Cir.1996) (holding that because debtor's schedule of exemptions was untimely filed without prior notice, motion, or leave of court, debtor was not entitled to automatic allowance that Rule 4003(a) gives to timely filed exemption claims, the court reasoning that "[h]e who seeks to benefit by the Bankruptcy Rules must abide by them"). Inasmuch as the 341(a) meeting had not concluded in February, when the trustee filed his application for approval of a private sale, nor in March, when I approved the sale, he retained the ability to object to the claim of exemption, had that been warranted. But DeArakie's conduct belied any need to object to the scheduled claim of exemption. Although DeArakie interposed a variety of objections to the private sale, he never even hinted that it could not go forward because the property was free from the reach of his creditors. This silence flowed naturally from his conduct at the time of the aborted auction sale; he did not contend that the trustee couldn't sell the Florida property because it was exempt, only that the manner that the trustee was employing to sell it was not calculated to reap the highest price for his creditors. And later, when the trustee gave notice of his intentions regarding distribution of the proceeds of the completed private sale, DeArakie did not object. Under such circumstances, DeArakie is equitably estopped

from asserting that the proceeds of the Florida property should have been paid to him.

■ Equitable estoppel is triggered by conduct of one person that is inconsistent with the position later adopted by him and is prejudicial to the rights of others who relied on such conduct to their detriment. *In re La Difference Restaurant, Inc.,* 29 B.R. 178, 182 (Bankr.S.D.N.Y.1983), *aff'd,* 63 B.R. 819 (S.D.N.Y.1986). This type of estoppel is a "flexible doctrine" which should be applied when the equities of the situation necessitate its implementation. *In re Reading Co.,* 404 F.Supp. 1249, 1251 (E.D.Pa.1975).

■ The elements of equitable estoppel are (1) material misrepresentation, (2) reliance, and (3) damage. *Lee v. Burkhart,* 991 F.2d 1004, 1009 (2d Cir.1993). It is immaterial that there is no actual attempt to defraud or mislead. *Columbia Broadcasting System, Inc. v. Stokely–Van Camp, Inc.,* 522 F.2d 369, 378 (2d Cir.1975) (interpreting New York law). Rather, the party against whom estoppel is asserted had to intend, or at least expect, that another would act based upon its representations. *Southern Federal Savings & Loan Association v. 21–26 East 105th Street Associates,* 145 B.R. 375, 381 (Bankr. S.D.N.Y.1991), *aff'd,* 978 F.2d 706 (2d Cir. 1992). As the Supreme Court explained more than a century ago, "where a party stands by and sees another acting to his injury, and the owner declares that he has no claim, equity will not permit him afterwards to assert his title to the injury of the person he has thus misled." *Morgan v. Railroad Co.,* 96 U.S. 716, 721, 24 L.Ed. 743 (1877).

Equitable estoppel has been employed to prevent a debtor from attacking the trustee's treatment of her exemption on facts far less egregious than here. In *Canino v. Bleau (In re Canino),* 185 B.R. 584, 595–95 (9th Cir. BAP 1995), the trustee took possession of an automobile which the debtor had claimed as exempt. Within his period to challenge the exemption, he filed a notice of sale and sent the notice to the debtor. She did not object. The trustee sold the vehicle and paid her $1,200 although she claimed as exempt $7,500. She did not object to this either. The bankruptcy appellate panel held that once the debtor forewent the opportunity to

contest the distribution, she was thereafter equitably estopped from objecting to the amount that the trustee paid her. In that case, the debtor acted only through her silence. DeArakie, on the other hand, asserted affirmatively on more than one occasion that the trustee should attempt to maximize the return for creditors from the sale of the Florida property, stated that he was not opposed to the sale and, in addition, failed to object to the distribution of the proceeds made by the trustee. That the trustee relied on DeArakie, to the prejudice of the estate, is incontestable. The trustee was still within the time period during which he could have objected to DeArakie's claim of exemption had DeArakie not stated that he was amenable to selling the Florida property, not for his own benefit, but for the benefit of his creditors. The damage to the estate is substantial if DeArakie is now permitted to press his exemption. The estate will lose hundreds of thousands of dollars to which it was plainly entitled given DeArakie's improper claim of exemption. *Cf. In re Fuchs,* 189 B.R. 811, 816–17 (Bankr.D.Colo.1995) (court recognizes applicability of equitable estoppel to claim of exemption but denies estoppel to trustee because trustee could prove no reliance or prejudice).

■ The trustee's theories are not limited to equitable estoppel. Laches is another basis on which the trustee prevails over DeArakie. The doctrine is an equitable one which applies when a party unreasonably delays in asserting a right, which taken together with the lapse of time and other circumstances causes prejudice to an adverse party, and operates as a bar in a court of equity. *In re Perez,* 98 B.R. 386, 390 (Bankr. N.D.Ill.1989). It is the unreasonableness of the delay, rather than the length of time that has elapsed, that is the focus of the laches inquiry. *Travelers Ins. Co. v. Cuomo,* 14 F.3d 708, 714 (2d Cir.1993). "Laches is an important consideration in bankruptcy proceedings because the chief purpose of the bankruptcy law is to 'secure a prompt and effectual administration and settlement of the estate....'" *Crosby v. Mills,* 413 F.2d 1273, 1276 (10th Cir.1969) (quoting *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15

L.Ed.2d 391 (1966)); *In re Ridill,* 1 B.R. 216 (D.C.Cal.1979) (denying debtor's motion to revalue exemption on grounds of laches); *In re Caicedo,* 159 B.R. 104 (Bankr.D.Conn. 1993) (debtor's motion to reopen case and avoid prepetition lien as impairing homestead exemption eight years after case was closed was denied on the grounds of laches).

The trustee served the notice of hearing to sell the Florida property upon the debtor on February 11, 1992. The property was sold and its proceeds disbursed more than four years ago. Although he objected to the sale of the Florida property on various grounds, DeArakie did not assert its status as exempt or challenge the distribution of the proceeds. If DeArakie had made known his ultimate position, the trustee could have objected to the claim of exemption. Not only did DeArakie support the sale of the property at the best price obtainable for his creditors, but he caused the trustee to incur the expenses associated with that sale, the proceeds of which DeArakie now says are entirely exempt. In addition, the trustee has assumed the proprietary lease for the Apartment, paying the maintenance each month on the expectation that the sale of this property would be for the benefit of the creditors, after deducting DeArakie's exemption. As with equitable estoppel, the trustee has shown prejudice, reliance and a change of position resulting from DeArakie's delay. *See Rapf v. Suffolk County,* 755 F.2d 282, 292 (2d Cir.1985).

## CONCLUSION

DeArakie's motion for a stay of the sale of the Apartment is denied on both asserted grounds. He has not shown entitlement to injunctive relief and his claim of exemption in the Florida property has been waived. The trustee's request for sanctions is denied. The trustee is directed to schedule a pretrial conference in the adversary proceeding. SETTLE ORDER consistent with this decision.